■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BARCLIFF, Appellant.—Judgment, Supreme Court, Bronx County (Cohen, J.), rendered March 29, 1990, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent indeterminate terms of 5½ to 11 years imprisonment, unanimously affirmed.

This prosecution arose out of a buy-and-bust operation during which one officer observed two people interact with defendant, both by conversation and hand movements. The undercover officer approached defendant and asked for "two."

Defendant gave him two vials of crack in exchange for "buy" money. Defendant was arrested by the backup team, the identification confirmed by the undercover, and the buy money was recovered from defendant. Additional crack vials were recovered from co-defendant.

The court's *Molineux* ruling had permitted police testimony concerning defendant's interactions with other persons before his drug sale to the undercover officer, but prohibited reference to prior drug sales. On direct examination, the prosecutor asked the officer what he meant by "two." The officer responded that he did not ask for a particular substance, since "the individual was obviously involved." On objection, this response was stricken, and the jury was told to disregard it. The prosecutor then asked the officer what was the basis for his expectation that he would receive crack by simply asking for "two." The officer responded, "Primarily because that person was involved in other activities which led me to know that." Upon objection, the jury was again told to disregard the response. Counsel then moved for a mistrial, which was denied. The court provided a further instruction to the jury to disregard the question and answer and that the jury was not to draw any inference from materials stricken from the record.

By failing to raise the claims at trial, such claims are waived for review (CPL 470.05 [2]; *People v Iannelli,* 69 NY2d 684, *cert denied* 482 US 914; *People v Gayle,* 162 AD2d 261, *lv denied* 76 NY2d 857). With respect to the statutory claim, we note the presumption that the jury followed the court's curative instructions *(People v Davis,* 58 NY2d 1102). We further note the ambiguous nature of the officer's response *(People v Blackshear,* 112 AD2d 1044), and the mitigating effect of the court's actions *(People v Santiago,* 52 NY2d 865; *People v Marin,* 157 AD2d 521, *lv denied* 75 NY2d 968). On cross-examination, defense counsel asked what response was made by defendant to the officer's request for "two." The officer responded, "He didn't have to say anything. He was in the process of taking care of other business, and he handed me my two." We would find this response to be similarly ambiguous. Although the officer, by expanding beyond the simple question asked, may have created the potential for the suggestion of uncharged crimes, given the overwhelming evidence of guilt, the error, if any, was harmless *(People v Crimmins,* 36 NY2d 230).

By failing to object to the court's supplemental instructions,

and by failing to request further instructions, defendant has waived any claim that the court's response to a certain jury note was inadequate (CPL 470.05 [2]; *People v Duncan,* 46 NY2d 74, 80). We decline to review in the interest of justice. Were we to do so, we would find the argument to be without merit. Concur—Carro, J. P., Rosenberger, Ellerin, Kupferman and Ross, JJ.