■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXY ALMODOVAR, Appellant. [601 NYS2d 914] —Judgment, Supreme Court, Bronx County (Ira Globerman, J., at hearing; Edward Davidowitz, J., at trial and sentence), rendered April 16, 1992, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 8 to 24 years imprisonment, unanimously affirmed.

There is no merit to the defendant's argument that he was subjected to custodial interrogation without being advised of his *Miranda* rights. Defendant while at home, moved freely about the apartment and, was asked politely to go to the precinct house *(see, People v White,* 164 AD2d 413, 417, *affd* 79 NY2d 900). Thereafter, he was at no point deprived of food, sleep or outside contacts *(see, People v Acquaah,* 167 AD2d 313, 315, *lv denied* 78 NY2d 961). In short, the hearing court properly found that there was no police "conduct that would indicate any hint of official force that is normally associated with custody" *(People v Morales,* 129 AD2d 440, 443). Defendant's contention that the trial court failed to conduct a "probing and tactful inquiry" into a juror's request to be excused in mid-deliberation because of duress and intimidation in the jury room is unpreserved for review as a matter of law. Further, no protest was made during the inquiry that was had of the juror or during the charge to the entire jury

that followed *(see, People v Barcliff,* 178 AD2d 285, 286, *lv denied* 79 NY2d 997). Given the presumption that the jury followed the court's curative instructions, we decline to review in the interest of justice. Concur—Rosenberger, J. P., Wallach, Asch and Rubin, JJ.