■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICIO ESPINAL, Appellant. [629 NYS2d 226] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered October 9, 1990, convicting defendant, after a jury trial, of rape in the first degree, sodomy in the first degree, and two counts of burglary in the second degree, and upon his pleas of guilty, to attempted assault in the first degree and kidnapping in the second degree, and sentencing him, to consecutive terms of $8^1/_3$ to 25 years for the rape and sodomy to run concurrently with concurrent terms of 5 to 15 years for the burglary counts and consecutively to concurrent terms of 5 to 15 years for the kidnapping and 2 to 6 years for the attempted assault, for an aggregate sentence of $21^2/_3$ to 65 years, unanimously affirmed.

Defendant did not have a statutory or constitutional right to be present at the court's announcement of its competency determination, any such right to be present having been satisfied by his attendance at the underlying hearings (*People v Williams*, 85 NY2d 945). Nor is there merit to defendant's claim that the court interfered with his right to a nonjury trial when, in seeking to assure that any waiver of the right to a jury trial,

merely suggested by defendant as a possibility he was considering, would be knowing and voluntary, the court advised defendant to keep in mind that it had already found the testimony of defendant's psychiatrists to be unpersuasive in the context of the competency proceedings. Concur—Rosenberger, J. P., Kupferman, Nardelli and Mazzarelli, JJ.