■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD GONZALEZ, Appellant. [648 NYS2d 78] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered April 23, 1993, convicting defendant, after a jury trial, of two counts of robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 6 1/2 to 13 years, unanimously affirmed.

The trial court properly admitted both the physical evidence recovered and police testimony that it was recovered either from defendant or from his cohort after their simultaneous arrest within minutes of the robbery herein. Such evidence was relevant to the jury's consideration of the issue of whether the complainant correctly identified defendant and his cohort as the perpetrators of the robbery (see, *People v Mirenda*, 23 NY2d 439, 452-453). The trial court gave appropriate instructions to the jury regarding the prosecutor's comments on this evidence, including the observation that it was "completely unclear" from whom the property was recovered. It is presumed that

the jury followed those instructions (*People v Davis*, 58 NY2d 1102), and since defendant did not take exception thereto, his current claim of error is unpreserved (*People v Comer*, 73 NY2d 955, 957).

Defendant did not preserve by appropriate and timely objection his current claims that the trial court's inquiry into alleged juror misconduct was inadequate (*see, People v Almodovar*, 196 AD2d 718, *lv denied* 82 NY2d 890, *cert denied* 511 US 1131). In any event, defense counsel's speculative claim of jury taint is unsupported by the record, and the trial court appropriately exercised its discretion in questioning the jurors as a group, rather than individually (*see, People v Buford*, 69 NY2d 290, 299, n 4). Further, the record indicates that defendant was present during the trial court's probing and tactful inquiry of two jurors who were party to questionable conversation, as well as at the time when the court ruled that one of those jurors was disqualified because of an obvious bias (a determination concurred in by defense counsel). The court's subsequent delegation to a court officer of the tasks of advising the juror that he was dismissed, and escorting that juror to the courthouse elevator, was purely ministerial in nature and therefore proper (*see, People v Bonaparte*, 78 NY2d 26, 30). Defendant's presence was not required when the ministerial act of dismissal was accomplished, his rights having been satisfied by his attendance at the underlying proceedings (*see, People v Espinal*, 216 AD2d 253, *lv denied* 86 NY2d 794). We note that defendant's related claims of error are unpreserved and we decline to review them in the interest of justice.

Defendant was properly sentenced as a second felony offender, in accordance with a predicate felony statement filed with the court, as well as defendant's prior adjudication as a second felony offender, which was uncontested at the sentencing proceedings (CPL 400.21 [8]; *People v Loughlin*, 66 NY2d 633, 635-636). Concur—Murphy, P. J., Sullivan, Rubin, Ross and Nardelli, JJ.