■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN HUSBANDS, Appellant. [756 NYS2d 553] —Judgments, Supreme Court, New York County (Laura Visitacion-Lewis, J.), rendered May 19, 1999, convicting defendant, upon his pleas of guilty, of three counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, and judgment, same court (John Cataldo, J.), rendered February 11, 1999, convicting defendant of violation of probation and resentencing him to a concurrent term of 1 to 3 years, unanimously affirmed.

The record establishes that defendant received meaningful representation in connection with his guilty pleas (*see People v Ford*, 86 NY2d 397, 404 [1995]; *see also People v Benevento*, 91 NY2d 708, 713-714 [1998]), and that he was not deprived of effective assistance of counsel based on an alleged conflict of interest. The dispute between defendant and his retained counsel, centered upon defendant's failure to pay legal fees, did not create a conflict of interest or have any adverse effect on the conduct of the defense. Counsel negotiated a very favorable plea agreement, considering the fact that defendant was charged with selling drugs on three separate occasions. There is no evidence that any advice to defendant by counsel concerning plea negotiations was a result of counsel's economic interest.

Defendant was not deprived of his right to be present at all material proceedings. The proceeding from which he was absent involved a question of law without potential for meaningful input from defendant (*see People v DePallo*, 96 NY2d 437, 443 [2001]; *People v Jones*, 213 AD2d 250 [1995], *lv denied* 86 NY2d 796 [1995]). In any event, immediately following the calendar call in question, defendant was present at a related proceeding where he received a meaningful opportunity to provide any input of his own.

We have considered defendant's remaining contentions and find them unavailing. Concur—Buckley, P.J., Tom, Rosenberger, Lerner and Marlow, JJ.