■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN ENGLAND, Appellant. [796 NYS2d 353]—

Judgment, Supreme Court, New York County (Carol Berkman, J., on motion for new counsel; Jeffrey M. Atlas, J., on renewed motion and at jury trial and sentence), rendered March 25, 2003, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The motion court properly denied defendant's initial motion for assignment of new counsel since his papers lacked specific factual allegations supporting his complaints about his attorney

and did not contain any serious complaint requiring an inquiry by the court (*see People v Sides*, 75 NY2d 822 [1990]; *People v Paniagua*, 17 AD3d 123 [2005]). Defendant did not have a right to be present at the calendar call at which the court denied the motion, since the court was simply placing on the record the decision it had already made on defendant's written submissions (*see People v Horne*, 97 NY2d 404, 416 [2002]; *People v Espinal*, 216 AD2d 253 [1995], *lv denied* 86 NY2d 794 [1995]). Moreover, defendant had numerous opportunities to expand on these submissions at subsequent court appearances (*see People v Husbands*, 303 AD2d 227 [2003], *lv denied* 100 NY2d 562 [2003]).

After an appropriate inquiry, the trial court properly denied defendant's renewed request for new counsel (*see People v Linares*, 2 NY3d 507 [2004]). The court properly concluded that defendant's complaint of inadequate communication with his attorney was unfounded, and that counsel's sound advice to defendant to plead guilty was not a basis for substitution (*see People v Estwick*, 266 AD2d 123 [1999], *lv denied* 94 NY2d 918 [2000]). At this colloquy, defendant was not deprived of his right to conflict-free representation, because counsel's brief and innocuous remarks did not provide damaging factual information or take a position adverse to that of his client (*see People v Walton*, 14 AD3d 419, 420 [2005]).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims. Concur—Mazzarelli, J.P., Andrias, Friedman, Gonzalez and Catterson, JJ.