■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKEY HARINARIN, Appellant. [826 NYS2d 185]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered March 26, 2003, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the second degree, and sentencing him to a term of three years to life, unanimously affirmed.

Defendant's claim that his attorney's concern about his fee created a conflict vitiating defendant's plea is not reviewable on direct appeal because it turns on matters outside the record, particularly as to the substance of counsel's advice before defendant agreed to the plea, and counsel's reason for giving such advice (*see People v Denny*, 95 NY2d 921 [2000]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Ford*, 86 NY2d 397, 404 [1995]; *see also Strickland v Washington*, 466 US 668 [1984]), and that he was not deprived of his right to conflict-free representation (*see Cuyler v Sullivan*, 446 US 335, 348-350 [1980]; *People v Harris*, 99 NY2d 202, 210-211 [2002]). Shortly before the plea, the attorney advised the court that defendant was unable to pay him enough for him to continue the representation. However, counsel made no application to be relieved. Counsel obtained a favorable plea, and defendant stated in his allocution that he had not been coerced into taking it. There is no evidence that counsel's advice concerning the plea was a result of his economic interest (*see People v Husbands*, 303 AD2d 227 [2003], *lv denied* 100 NY2d 562 [2003]). Concur—Buckley, P.J., Tom, Marlow, Nardelli and Williams, JJ.