■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALMON HUMBER, Appellant. [825 NYS2d 892]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered January 30, 2002. The judgment convicted defendant, upon his plea of guilty, of rape in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of rape in the second degree (Penal Law § 130.30 [1]), defendant contends that his plea of guilty was coerced and thus that Supreme Court abused its discretion in denying his motion to withdraw his plea with respect to that charge. We reject defendant's contention. The court properly concluded, following an evidentiary hearing on defendant's motion, that defendant's unsubstantiated and conclusory assertions of innocence were insufficient to warrant vacatur of the plea (*see generally People v Peters,* 302 AD2d 869 [2003], *lv denied* 100 NY2d 541 [2003]). Moreover, the fact "[t]hat [former defense] counsel made defendant aware of his sentencing exposure cannot be a basis for finding coercion" (*People v Kelly,* 159 AD2d 227, 227 [1990], *lv denied* 76 NY2d 737 [1990]). Present—Hurlbutt, J.P., Gorski, Smith and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS I. LEFORT, JR., Appellant. [825 NYS2d 408]—Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered April 29, 2005. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed (*see People v Hidalgo,* 91 NY2d 733, 737 [1998]). Present—Hurlbutt, J.P., Gorski, Smith and Pine, JJ.