■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BROWN, Appellant. [859 NYS2d 175]—

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered May 10, 2007, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, and sentencing him, as a second felony offender, to concurrent terms of 10 and 7 years, respectively, unanimously affirmed.

The court properly rejected defendant's peremptory challenge to a juror, made after both sides had accepted the juror and moved on to the exercise of challenges with respect to another group of jurors (see People v Rincon, 40 AD3d 538 [2007], lv denied 9 NY3d 880 [2007]; People v Smith, 278 AD2d 75, 76 [2000], lv denied 96 NY2d 763 [2001]).

The court properly exercised its discretion in questioning the jurors as a group, rather than individually, about whether any of them had engaged in premature deliberations (see People v Gonzalez, 232 AD2d 204, 205 [1996], lv denied 89 NY2d 923 [1996]; People v Almodovar, 196 AD2d 718 [1993], lv denied 82 NY2d 890 [1993]). While there was evidence that a discharged

juror had discussed the case with nonjurors, there was no reason to believe he had also discussed it with any of the remaining jurors. Under the circumstances, the court's collective inquiry of the jurors was reasonable.

The court's charge, viewed as a whole, properly instructed the jury that evidence of intoxication may negate any element of the crimes charged (*see* Penal Law § 15.25), including the knowledge and voluntariness elements of criminal possession of a weapon in the second and third degrees. There is no reasonable possibility that the charge misled the jury to believe that intoxication could only apply to the "intent to use the [firearm] unlawfully" (Penal Law § 265.03 [1]) element of second-degree possession. Concur—Tom, J.P., Friedman, Nardelli, Buckley and Renwick, JJ.