# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

457

KA 12-02155

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

MURIDI M., DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

MURIDI M., DEFENDANT-APPELLANT PRO SE.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT.

---

Appeal from an adjudication of the Erie County Court (Thomas P. Franczyk, J.), rendered October 4, 2012. The appeal was held by this Court by order entered January 2, 2015, decision was reserved and the matter was remitted to Erie County Court for further proceedings. The proceedings were held and completed.

It is hereby ORDERED that the adjudication so appealed from is unanimously affirmed.

Memorandum: We previously held the case in appeal Nos. 1 and 2, reserved decision, and remitted the matters to County Court to make and state for the record a determination in each appeal whether defendant should be afforded youthful offender status. Upon remittal, the court granted youthful offender status in appeal No. 1 and denied such status in appeal No. 2.

We reject defendant's contentions that the sentence imposed in each appeal is unduly harsh and severe. The court did not abuse its discretion in determining that there were no mitigating circumstances that warranted the court, in the interest of justice, to order that the sentences run concurrently (*see* Penal Law § 70.25 [2-b]; *People v Washington*, 124 AD3d 1388, 1388, *lv denied* 25 NY3d 954). Nor did the court abuse its discretion in denying defendant youthful offender status in appeal No. 2, and we decline to exercise our interest of justice jurisdiction to afford such status (*see People v Hall*, 130 AD3d 1495, 1496, *lv denied* 26 NY3d 968; *People v Johnson*, 109 AD3d 1191, 1191-1192, *lv denied* 22 NY3d 997).

The contention in defendant's pro se supplemental brief with

respect to appeal No. 2 was not raised when the appeal was initially heard, and it may not be raised for the first time following our remittal (*see People v Baxter*, 234 AD2d 932, 932-933, *lv denied* 89 NY2d 1009).

Entered:  June 10, 2016                                        Frances E. Cafarell
                                                               Clerk of the Court