# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**264**

**KA 12-00113**

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RAYSHON DAYS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

RAYSHON DAYS, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered August 24, 2011. The appeal was held by this Court by order entered February 13, 2015, decision was reserved and the matter was remitted to Onondaga County Court for further proceedings (125 AD3d 1508). The proceedings were held and completed (Thomas J. Miller, J.).

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of imprisonment to a determinate term of 20 years and the period of postrelease supervision to a period of 2½ years and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). We previously held the case, reserved decision, and remitted the matter to County Court to afford defendant a reasonable opportunity to present his contentions in support of his motion to withdraw his plea (*People v Days*, 125 AD3d 1508). Upon remittal, the court conducted a hearing on that part of defendant's motion seeking to withdraw the plea on the ground that it was induced by defense counsel's misleading advice with respect to a possible justification defense. Following the hearing, the court denied the motion.

We reject the contention of defendant in his main and pro se supplemental briefs that the court erred in limiting the scope of the hearing on his motion. "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' " (*People v Brown*, 14 NY3d 113, 116, quoting *People v Tinsley*, 35 NY2d

926, 927).  Here, consistent with the remittal, "the court provided defendant with ample opportunity to present his claims in support of the motion to withdraw his plea" (*People v Green*, 122 AD3d 1342, 1343-1344).

Contrary to the further contention in the main and pro se supplemental briefs, we conclude that the court did not abuse its discretion in denying without a hearing that part of defendant's motion seeking withdrawal of the plea on the ground that he was coerced into pleading guilty by defense counsel's implicit threat to abandon his representation of defendant unless defendant paid him an additional fee (*cf. People v Harinarin*, 33 AD3d 455, 456, *lv denied* 8 NY3d 846).  Defendant was afforded a "reasonable opportunity to present his contentions," and we conclude that nothing further was required with respect to that ground (*Tinsley*, 35 NY2d at 927; *see People v Hampton*, 142 AD3d 1305, 1306-1307, *lv denied* 28 NY3d 1124).  We also reject the contention in the main and pro se supplemental briefs that defendant was coerced into pleading guilty by defense counsel's advice concerning his sentencing exposure (*see People v Humber*, 35 AD3d 1209, 1209, *lv denied* 8 NY3d 923).

We reject the further contention in the main and pro se supplemental briefs that the court abused its discretion in denying the motion insofar as it was premised upon defense counsel's allegedly inaccurate advice concerning the availability of a justification defense.  The court was entitled to resolve matters of credibility in favor of defense counsel and against defendant (*see People v Bodah*, 67 AD3d 1195, 1196, *lv denied* 14 NY3d 838), and to conclude, based upon defense counsel's testimony, that defendant was provided accurate advice (*see People v Darden*, 57 AD3d 1522, 1523, *lv denied* 12 NY3d 815).  Finally, with respect to the remittal, we conclude that the remaining contention in the main and pro se supplemental briefs is not properly before us inasmuch as it was raised for the first time following our remittal (*see People v Muridi M.*, 140 AD3d 1642, 1643, *lv denied* 28 NY3d 934).

Turning to the issues that were raised but not addressed when the matter was previously before us, we conclude that, as the People correctly concede, defendant's waiver of the right to appeal is invalid inasmuch as the court's minimal inquiry "was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Box*, 96 AD3d 1570, 1571, *lv denied* 19 NY3d 1024 [internal quotation marks omitted]).  We reject the contention in defendant's main brief that the court erred in refusing to suppress his statement to the police.  "Although defendant was detained and questioned by police for approximately [18] hours, 'that does not, by itself, render the statement involuntary' . . . [where, as h]ere, . . . defendant waived his *Miranda* rights, there were several breaks in the questioning, and defendant was provided with food and drink . . . and, in addition, he slept during one of the breaks" (*People v McWilliams*, 48 AD3d 1266, 1267, *lv denied* 10 NY3d 961).  To the extent that the contention in defendant's pro se

supplemental brief that he was denied effective assistance of counsel survives the guilty plea, we conclude that it lacks merit.  Defendant "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effective assistance of [defense] counsel" (*People v Dale*, 142 AD3d 1287, 1290, *lv denied* 28 NY3d 1144 [internal quotation marks omitted]; *see People v Ford*, 86 NY2d 397, 404).

Defendant contends that the court erred in enhancing his sentence based upon his failure to sign a written waiver of the right to appeal, and the People correctly concede that point.  We note that defendant failed to preserve his contention for our review because he "failed to object to the enhanced sentence or move to withdraw [the] plea or to vacate the judgment of conviction on that ground" (*People v Fumia*, 104 AD3d 1281, 1281, *lv denied* 21 NY3d 1004), but we exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).  While waiving the right to appeal was a condition of the plea bargain, the execution of a written waiver was not, and thus the court was not empowered to enhance the sentence on that ground (*see People v McClemore*, 276 AD2d 32, 35).  We therefore modify the judgment by reducing the term of imprisonment from a determinate term of 25 years to a determinate term of 20 years, and the period of postrelease supervision from 5 years to 2½ years, in accordance with the plea agreement.  As so modified, the sentence is not unduly harsh or severe.

Entered:  May 5, 2017                          Frances E. Cafarell
                                               Clerk of the Court