People v Fall (2022 NY Slip Op 03078)

People v Fall

2022 NY Slip Op 03078

Decided on May 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 10, 2022

Before: Renwick, J.P., Mazzarelli, Gesmer, González, JJ. 

Ind No. 4476/16 2267/16 Appeal No. 15911-15911A Case No. 2020-00430 

[*1]The People of the State of New York, Respondent,
v
Cheichk Fall, Defendant-Appellant. 

Center for Appellate Litigation, New York (Robert S. Dean of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.

Judgment, Supreme Court, New York County (Juan M. Merchan, J. at suppression hearing; Cassandra M. Mullen, J. at jury trial and sentencing), rendered June 6, 2019, convicting defendant of manslaughter in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 20 years, and judgment, same court (Mullen, J.) and date, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a concurrent term of two to four years, unanimously affirmed.
The hearing court correctly denied defendant's motion to suppress a surveillance video from the store where the homicide occurred. There is no reason to disturb the court's credibility determinations. The evidence established that defendant, an employee at his mother's store, lacked a legitimate expectation of privacy in the store's DVR system, and therefore lacked standing to contest the police conduct in taking the video (see generally People v Ramirez-Portoreal , 88 NY2d 99, 108 [1996]). The testimony at the hearing failed to support defendant's contention that he was effectively an owner or manager of the store. Furthermore, the record supports the court's alternative finding that defendant's father voluntarily consented to the police taking the DVR system, and that he had at least apparent authority to do so (see People v Adams , 53 NY2d 1, 8-9 [1981], cert denied 454 US 854 [1981]). The police saw defendant's father unlock and open the store, and he demonstrated his voluntary consent by cooperating and affirmatively helping the police to access the DVR box.
The court correctly denied defendant's request to include, in its justification charge, an instruction on the effect of the victim's reputation for violence, because there was no evidence at trial that he had such reputation, or if so that defendant knew of it. To the extent defendant's request could be construed as asking for an instruction on the effect of defendant's knowledge of violent acts by the victim, defendant was not prejudiced by the absence of that instruction, because there was scant evidence on this subject adduced at trial, and because this subject was sufficiently addressed by the court's general instruction about evaluating reasonableness in light of defendant's circumstances and what he knew.
After the court discharged a sworn juror on consent of both parties, there was no mode of proceedings error, exempt from preservation requirements, when the court delegated to a court officer the ministerial task of informing the juror that she was discharged (see People v Gonzalez , 232 AD2d 204, 205 [1st Dept 1996], lv denied 89 NY2d 923 [1996]). The "discharge" of the juror (CPL 270.35) was performed by the court itself, not by the court officer, who acted only as a messenger.
Because we are affirming the conviction after trial, there is no ground for reversal [*2]of the conviction by guilty plea.
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 10, 2022