People v Brown (2023 NY Slip Op 05166)

People v Brown

2023 NY Slip Op 05166

Decided on October 12, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 12, 2023

111827
[*1]The People of the State of New York, Respondent,
v
Kenneth Brown, Appellant.

Calendar Date:September 13, 2023

Before:Garry, P.J., Egan Jr., Aarons, McShan and Mackey, JJ.

Craig A. Meyerson, Peru, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

McShan, J.
Appeal, by permission, from an order of the County Court of Schenectady County (Matthew J. Sypniewski, J.), entered September 11, 2019, which denied defendant's motion pursuant to CPL 440.10, to vacate the judgment convicting him of the crime of attempted criminal sale of a controlled substance in the third degree, without a hearing.
Following his arrest stemming from two separate controlled-buy operations in August 2015, defendant was indicted for criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts). In 2016, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and waived his right to appeal. Consistent with the plea agreement, defendant was sentenced, as a second felony offender with a prior violent felony, to 4½ years in prison to be followed by two years of postrelease supervision. In 2019, defendant moved to vacate the judgment of conviction pursuant to CPL 440.10 based on the ground of ineffective assistance of counsel. The People opposed the requested relief, and County Court denied defendant's motion without a hearing. Defendant appeals, by permission, from County Court's order.
Defendant contends that he was deprived of the effective assistance of counsel and that County Court erred in denying his CPL 440.10 motion without an evidentiary hearing. We disagree. "To demonstrate the existence of questions of fact requiring a hearing, a defendant is obliged to show that the nonrecord facts sought to be established are material and would entitle him or her to relief, and a court may deny a vacatur motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence" (People v James, 215 AD3d 1176, 1178 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 40 NY3d 935 [2023]; see People v Gillespie, 205 AD3d 1212, 1216 [3d Dept 2022], lv denied 39 NY3d 1072 [2023]; People v Podeswa, 205 AD3d 1139, 1141 [3d Dept 2022], lv denied 38 NY3d 1135 [2022]; see also CPL 440.30 [4] [d]). "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Burnell, 208 AD3d 1554, 1556 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 961 [2022]; see People v Gonyea, 211 AD3d 1102, 1104 [3d Dept 2022], lv denied 39 NY3d 1110 [2023]). "Whether a defendant is entitled to a hearing on a CPL 440.10 motion is a discretionary determination that is subject to appellate review for an abuse of discretion" (People v Spradlin, 192 AD3d 1270, 1273 [3d Dept 2021] [internal quotation marks, brackets, ellipsis and citation omitted]; see People v Hardie, 211 AD3d 1418, 1420 [3d Dept 2023], lv denied 39 NY3d 1111 [2023]).
Defendant [*2]avers that, while serving his sentence, he learned that his case file did not contain a laboratory test result of the drugs that formed the basis of the crimes that he was charged with. In this regard, he claims that, prior to pleading guilty, his trial attorney told him that she had viewed the laboratory test results, which was a misrepresentation because the report had, in fact, not been obtained because it did not exist.[FN1] Defendant's contentions, however, are self-serving, belied by the record and unsubstantiated by any evidence or an affidavit from trial counsel (see CPL 440.30 [4] [d]; People v Hinds, 217 AD3d 1138, 1141 [3d Dept 2023] lv denied 40 NY3d 951 [2023]; People v Vittengl, 203 AD3d 1390, 1393 [3d Dept 2022]; People v Robles, 172 AD3d 1780, 1781 [3d Dept 2019], lv denied 34 NY3d 983 [2019]). Although defendant alleges that he had, by several letters, sought an affidavit from his trial counsel concerning his representation as well as his allegations related thereto, no copies of such letters were attached to, or accompanied, his motion (see People v Hardie, 211 AD3d at 1421; People v Blanford, 179 AD3d 1388, 1395 [3d Dept 2020], lv denied 35 NY3d 968 [2020]). Moreover, even if defendant's allegations were true, defendant has not alleged that the existence of the laboratory report was material to his decision to plead guilty or that he had informed his trial counsel of such fact. Further, he does not allege that the at-issue substances were not, in fact, drugs.[FN2] Considering that defendant expressed his satisfaction with trial counsel during the plea colloquy and that counsel negotiated and secured a very favorable plea that resulted in a sentence that was below the maximum potential sentence that he was exposed to on the higher counts contained in the indictment, it cannot be said that defendant was denied the effective assistance of counsel (see People v Hardie, 211 AD3d at 1421; People v Crispell, 203 AD3d 1393, 1395 [3d Dept 2022]; People v Chaney, 160 AD3d 1281, 1285-1286 [3d Dept 2018], lv denied 31 NY3d 1146 [2018]). Under these circumstances, and upon review of defendant's remaining allegations contained in his CPL article 440 motion, we find that County Court's denial of the motion without a hearing was not an abuse of discretion (see People v Hardie, 211 AD3d at 1421; People v Ballard, 200 AD3d 1476, 1478-1479 [3d Dept 2021], lv denied 38 NY3d 925 [2022]; People v Durham, 195 AD3d 1318, 1321 [3d Dept 2021], lv denied 37 NY3d 1160 [2022]; People v Betances, 179 AD3d 1225, 1227 [3d Dept 2020], lv denied 35 NY3d 968 [2020]). We have examined defendant's remaining contentions and have found them to be lacking merit.
Garry, P.J., Egan Jr., Aarons and Mackey, JJ., concur.
ORDERED that the order is affirmed.

Footnotes

Footnote 1: To the extent that defendant's motion to vacate is predicated upon a claim of actual innocence, "we note that vacatur of a judgment of conviction on this ground is expressly conditioned upon the existence of a verdict of guilt after trial and defendant's plea of guilty therefore forecloses relief upon this ground" (People v Lamb, 162 AD3d 1395, 1397 [3d Dept 2018] [internal quotation marks, emphasis, brackets and citations omitted], lv denied 32 NY3d 1112 [2018]; accord People v Hinds, 217 AD3d 1138, 1141 [3d Dept 2023], lv denied 40 NY3d 951 [2023]; see CPL 440.10 [1] [g]; People v Vittengl, 203 AD3d 1390, 1392 [3d Dept 2022]).

Footnote 2: The record establishes that field testing conducted after the controlled-buy operation confirmed the presence of a controlled substance which, as noted by County Court, was sufficient for the People to secure an indictment (see generally People v Swamp, 84 NY2d 725, 732 [1995]).