People v Roque (2025 NY Slip Op 00124)

People v Roque

2025 NY Slip Op 00124

Decided on January 9, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 9, 2025

112244 112984
[*1]The People of the State of New York, Respondent,
v
Michael M. Roque, Appellant.

Calendar Date:November 12, 2024

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ.

Michael T. Baker, Public Defender, Binghamton (Jessica J. Rundell of counsel), for appellant, and appellant pro se.
Mary E. Saitta, Special Prosecutor, Binghamton, for respondent.

Powers, J.
Appeals (1) from a judgment of the County Court of Broome County (Kevin P. Dooley, J.), rendered November 20, 2018, convicting defendant upon his plea of guilty of the crime of murder in the second degree, and (2) by permission, from an order of said court, entered June 22, 2021, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In May 2018, defendant was charged by indictment with murder in the second degree (see Penal Law § 125.25 [1]) for the killing of the victim on the campus of Binghamton University the prior month. The People offered defendant a plea deal whereby he would plead guilty to the indictment and his prison sentence would be capped at 20 years to life. Defendant pleaded guilty the day after initially rejecting this deal. However, prior to sentencing, defendant moved pro se to withdraw his guilty plea, claiming actual innocence and that ineffective assistance of counsel caused him to enter the plea involuntarily. County Court denied the motion without a hearing and sentenced defendant to the maximum permissible term pursuant to the cap of the plea agreement. Thereafter, in March 2021, defendant moved to vacate the judgment of conviction pursuant to CPL 440.10 on many of the same grounds as his preceding motion to withdraw his guilty plea. The court again denied this motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, the denial of his CPL 440.10 motion.
To begin, defendant claims that trial counsel took a position adverse to his interests prior to his guilty plea, which then created a conflict of interest requiring substitution of counsel at that point in the proceedings.[FN1] While we in no way condone the language used by trial counsel here, we do not find that his brief remark created a conflict of interest depriving defendant of meaningful representation (see generally People v Washington, 25 NY3d 1091, 1095 [2015]; People v Mitchell, 21 NY3d 964, 967 [2013]). In a communication to County Court prior to his guilty plea, defendant expressed generalized concerns with trial counsel, however, defendant's only specific complaint was that trial counsel had failed to meet with him. Defendant's communication to the court did not contain a motion for substitution of counsel or any type of similar request. Instead, based upon his own assertion, defendant was simply bringing this supposed issue to the court's attention. Trial counsel, without prompting from the court, averred on the record that defendant's statement was "bullsh*t" and left him in a position where he could no longer represent defendant. The court denied trial counsel's request to be relieved of representation, ostensibly on the basis that there was not good cause shown. The court then inquired whether trial counsel had communicated with defendant, which he confirmed he had. Defendant went on to plead guilty and, markedly, trial counsel did not take a position on defendant's [*2]ensuing motion to withdraw his plea. Despite trial counsel's extremely poor choice of words, defendant was not deprived of meaningful representation by the brief remark. Although trial counsel's statement was inartful and ill-advised, it did not provide factual information so as to "affirmatively undermine . . . defendant's arguments," nor, by stating as much, did trial counsel take a position adverse to defendant (People v Thaxton, 191 AD3d 1166, 1167 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 960 [2021]; see People v Mahoney, 110 AD3d 923, 923 [2d Dept 2013], lv denied 22 NY3d 1042 [2013]; People v England, 19 AD3d 154, 155 [1st Dept 2005], lv denied 5 NY3d 805 [2005]; People v Walton, 14 AD3d 419, 420 [1st Dept 2005], lv denied 5 NY3d 796 [2005]; compare People v Zaorski, 111 AD3d 1054, 1055 [3d Dept 2013]). Accordingly, substitution of counsel was not required at that time.
Defendant next maintains that County Court erred in denying his motion to set aside his guilty plea without a hearing. We disagree. "Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of the trial court, withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement and an evidentiary hearing will be required only where the record presents a genuine question of fact as to the plea's voluntariness" (People v Ward, 228 AD3d 1134, 1135 [3d Dept 2024] [internal quotation marks, brackets, ellipses and citations omitted], lv denied 42 NY3d 1022 [2024]). As part of his pro se motion to withdraw his guilty plea, defendant asserted that he was denied the effective assistance of counsel based upon trial counsel's apparent failure to investigate defendant's alibi, interview witnesses, file motions or a notice of alibi, hire experts or provide defendant with discovery materials. Defendant additionally claimed that trial counsel filed a notice of psychiatric defense despite defendant's insistence that he was innocent and trial counsel coerced him into pleading guilty. Appended to this motion were, among other things, communications he sent to trial counsel and the court. In one such communication, defendant maintained his innocence and detailed what he asserted were the events of the night in question and his apparent interaction with the true perpetrator. However, during the plea colloquy defendant affirmed on the record that, although he had denied the plea deal the previous day because he was overwhelmed, he was pleading guilty "of [his] own free will," after adequate time to consult with counsel.
As defendant's claims of ineffective assistance of counsel "raise both record-based and nonrecord-based allegations of ineffectiveness, they will be addressed together in their entirety in the context of defendant's appeal from the denial of his CPL 440.10 motion" (People v Minaya, 206 AD3d 1161, 1163 [3d Dept 2022] [internal quotation marks and citation [*3]omitted]). Defendant's remaining arguments lack merit. Specifically, his self-serving and conclusory assertions of duress are contradicted by the record, and his unsupported claim of innocence does not diminish the voluntariness of his plea (see People v Ward, 228 AD3d at 1136; People v Peterson, 225 AD3d 1098, 1100 [3d Dept 2024]). Defendant made a knowing, voluntary and intelligent choice among alternative courses of action, and we find that County Court did not abuse its discretion in denying his motion to withdraw his guilty plea, without a hearing (see People v Nisby, 207 AD3d 876, 878 [3d Dept 2022], lv denied 38 NY3d 1189 [2022]; People v Hewitt, 201 AD3d 1041, 1045 [3d Dept 2022], lv denied 38 NY3d 928 [2022]).
Nor do we find merit in defendant's challenge to the severity of the sentence imposed. As a term of his guilty plea, defendant was promised that his sentence would be capped at a term of incarceration of 20 years to life. Although defendant received the maximum term permitted by this cap, this was not unduly harsh or severe considering the facts at hand, and the mitigating factors defendant advances do not warrant reduction of this sentence in the interest of justice (see CPL 470.15 [6] [b]; People v Weber, 226 AD3d 1158, 1162 [3d Dept 2024], lv denied 42 NY3d 931 [2024]; People v Vazquez, 222 AD3d 1104, 1105-1106 [3d Dept 2023], lv denied 41 NY3d 944 [2024]).
Turning to defendant's appeal from the denial of his motion to vacate his judgment of conviction pursuant to CPL 440.10, "[t]he purpose of a CPL article 440 motion is to inform a court of facts not reflected in the record and unknown at the time of the judgment" (People v Spradlin, 188 AD3d 1454, 1460 [3d Dept 2020] [internal quotation marks, brackets and citations omitted], lv denied 37 NY3d 960 [2021]). "On a motion to vacate, a hearing is warranted when the submissions show that the nonrecord facts sought to be established are material and would entitle the defendant to relief" (People v Bailey, 232 AD3d 1031, 1036 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]; see People v James, 215 AD3d 1176, 1178 [3d Dept 2023], lv denied 40 NY3d 935 [2023]). Preliminarily, we agree with defendant that County Court erred in denying the motion without a hearing on the ground that sufficient facts appeared on the record to permit review of the issue on direct appeal (see People v Bailey, 232 AD3d at 1036; People v Rubadue, 222 AD3d 1266, 1270 [3d Dept 2023]). While the arguments underlying defendant's ineffective assistance of counsel claim in his CPL 440.10 motion largely mirror those raised as part of his motion to withdraw his plea, these arguments were based upon facts outside of the record in the first instance, and at no time did the court inquire into these claims on the record.[FN2]
Nevertheless, we independently review defendant's submissions and find that a hearing was not warranted. "[A] court may deny a vacatur motion without a hearing if it is based [*4]on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence" (People v Clark, 231 AD3d 1291, 1293 [3d Dept 2024] [internal quotation marks and citations omitted]; see People v Hooker, 230 AD3d 1465, 1468 [3d Dept 2024]). "[I]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Drake, 224 AD3d 1138, 1141 [3d Dept 2024] [internal quotation marks and citations omitted]). Defendant provided an affidavit in which he asserts various ways trial counsel was allegedly ineffective and untruthful to him and his family during the course of representation. In addition, defendant supplied an affidavit from his father in which the father asserts that trial counsel failed to act diligently in this matter and presented the acceptance of a guilty plea as "the only option." Appended thereto were various communications from defendant to County Court and trial counsel, text messages purportedly shared between defendant's father and trial counsel, as well as certain witness statements.
Based upon these submissions, we find that defendant's motion to vacate his conviction was properly denied without a hearing as defendant's allegations of ineffectiveness are either unsupported by any evidence other than self-serving affidavits or belied by the record (see People v Hooker, 230 AD3d at 1469; People v Kuhn, 221 AD3d 1182, 1185 [3d Dept 2023], lv denied 41 NY3d 1019 [2024]; People v Brown, 220 AD3d 1015, 1017 [3d Dept 2023], lv denied 40 NY3d 1091 [2024]; People v See, 206 AD3d 1153, 1156 [3d Dept 2022], lv denied 39 NY3d 1075 [2023]). Finally, to the extent defendant advances a claim of actual innocence, his submissions, at most, "raised mere doubt as to [his] guilt," which is inadequate "to support a motion to vacate a judgment based on actual innocence" (People v Mansfield, 223 AD3d 1111, 1119 [3d Dept 2024] [internal quotation marks, brackets and citations omitted], lv denied 42 NY3d 928 [2024]). Thus, we find no abuse of discretion in the denial of defendant's motion without a hearing.
Garry, P.J., Lynch, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment and the order are affirmed.

Footnotes

Footnote 1: Although defendant did not raise issue with this remark specifically at any point before County Court, we analyze the issue considering defendant's brief comment at sentencing that trial counsel had taken a position adverse to him.

Footnote 2: Based upon this determination, it is not necessary to directly address the parties' extended discussion regarding the retroactive application of CPL 440.10 (2) (b) (L 2021, ch 501). Nevertheless, this change in the law specified that CPL 440.10 motions raising ineffective assistance of counsel are not required to be summarily denied when "[t]he judgment is, at the time of the motion, appealable or pending on appeal, and sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review" (CPL 440.10 [2] [b], as amended by L 2021, ch 501). Thus, we note that County Court's basis for denial was precisely what this change in the law was meant to remedy, inasmuch as it places defendant at risk of "losing on procedural grounds in two courts without any adjudication of the merits of the claim" (Assembly Mem in Support, Bill Jacket, L 2021, ch 501; see People v Gonyea, 211 AD3d 1102, 1103 n 1 [3d Dept 2022], lv denied 39 NY3d 1110 [2023]; see generally People v Williams, 225 AD3d 791, 792 [2d Dept 2024], lv denied 42 NY3d 941 [2024]).