■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE BREAUX, Appellant. [808 NYS2d 177]—

Judgment, Supreme Court, New York County (Philip M. Grella, J.), rendered November 3, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 8½ to 17 years, unanimously modified, on the law, to the extent of vacating the sentence and remanding for resentencing in compliance with CPL 390.20 (1), and otherwise affirmed.

On the date of sentencing, defense counsel objected to the adequacy of the presentence report. Pages three and four of that document, which are entitled the "Social History Summary," were not completed. At the top of each of these pages, there is a notation that the Department of Correction failed to produce defendant for an interview on September 24, 2004 and September 29, 2004.

At sentencing, defense counsel asserted that defendant was produced, but not interviewed as part of the presentence investigation. Counsel requested an adjournment so that defendant could be interviewed by the Probation Department. The court denied the request, but it offered defendant an opportunity to supplement or refute any information in the report at sentencing.

The presentence report has been considered potentially "the single most important document at both the sentencing and correctional levels of the criminal process" (*People v Hicks*, 98 NY2d 185, 189 [2002] [citation omitted]). Here, as a result of deficiencies in the presentence report, the sentencing judge lacked sufficient information bearing upon the propriety of the sentence to be imposed. Further, defendant affirmatively requested an interview by the Probation Department, and his counsel argued that the intimidating nature of speaking in court was not an adequate substitute therefore. In the unique circumstances presented, we vacate the sentence and remand for resentencing based upon a presentence report which meets the statutory requirements (*see* CPL 390.30; *People v Saez*, 121 AD2d 947 [1986], *affd* 69 NY2d 802 [1987]; *People v Halaby*, 77 AD2d 717, 718 [1980]).

We have considered and rejected defendant's additional claims. Concur—Buckley, P.J., Mazzarelli, Ellerin, Catterson and McGuire, JJ.