■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL GUERRERO, Appellant. [811 NYS2d 404]—

Judgments, Supreme Court, New York County (John Cataldo, J.), rendered January 20, 2004, convicting defendant, upon his pleas of guilty, of two counts of criminal possession of a controlled substance in the second degree, and sentencing him, as a second felony offender, to concurrent terms of eight years to life, unanimously affirmed.

The court properly denied defendant's motion to withdraw his pleas. Even assuming that defendant was acting as his own attorney in connection with the motion, "[d]efendant did not have a right to be present at the calendar call at which the court denied the motion, since the court was simply placing on the record the decision it had already made on defendant's written submissions" (*People v England*, 19 AD3d 154, 155 [2005], *lv denied* 5 NY3d 805 [2005]). The court properly concluded both that the motion could be decided on papers and that there was no need for an inquiry into defendant's patently meritless claim of inability to understand the Spanish interpreter's translation of the charges. At the time of the plea, there was a thorough allocution and defendant never gave any indication that he had any difficulties with the translation provided by the interpreter (*see People v Mohammed*, 208 AD2d 1118, 1119 [1994], *lv denied* 85 NY2d 941 [1995]).

Although the existing record does not reflect what occurred at the bench conference prior to sentencing, it is nonetheless clear that defendant received effective assistance under the state and

federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). After defendant violated the plea agreement on the first indictment by being arrested on new drug charges, he appeared in court with counsel and negotiated a favorable plea covering both indictments (*see People v Ford*, 86 NY2d 397, 404 [1995]). Thereafter, defendant was sentenced as promised under that plea. While newly substituted counsel at sentencing stated that he was not familiar with the case, the off-the-record bench conference then ensued. Defendant presents no factual basis for concluding that counsel rendered ineffective assistance, and counsel certainly was under no obligation to advocate for additional leniency (*People v Vaughn*, 4 AD3d 139 [2004], *lv denied* 3 NY3d 649 [2004]; *People v Diaz*, 4 AD3d 134 [2004], *lv denied* 2 NY3d 798 [2004]). To the contrary, on this record the only reasonable conclusion to be drawn is that he would have been remiss if he had. After all, if counsel somehow had been able to succeed in persuading the court that the bargained-for sentences, which were highly favorable to defendant, were excessive, the court would have been obligated to vacate the plea at the People's request (*see People v Farrar*, 52 NY2d 302, 307-308 [1981]). That, of course, would have exposed defendant to a minimum term of from 15 years to life on each of the two indictments.

The excessive sentence claim is meritless. Concur—Tom, J.P., Mazzarelli, Friedman, Catterson and McGuire, JJ.