■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDRA KRASNOVSKY, Appellant. [846 NYS2d 132]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered July 12, 2006, convicting defendant, upon her plea of guilty, of criminal sale of a controlled substance in the fourth degree, and sentencing her, as a second drug felony offender, to a term of $3^{1}/_{2}$ years, unanimously affirmed.

Defendant argues that the sentencing court deprived her of effective assistance of counsel when it denied her attorney's request for an adjournment in order to permit him to further prepare for sentencing. However, this claim is unreviewable on direct appeal because the present record does not show what ad-

ditional sentencing arguments counsel might have made had he received an adjournment (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Counsel had represented defendant at her guilty plea, and attended the trial at which she was a cooperating prosecution witness, was knowledgeable about the case and made appropriate sentencing arguments (*compare e.g. People v Jones*, 15 AD3d 208 [2005]). The court based its sentence, which was considerably less than defendant's exposure under the plea agreement, on facts with which the court was thoroughly familiar, having presided over the related proceeding. The court properly exercised its discretion in denying the request for an adjournment, and there is no reason to believe that counsel could have persuaded the court to impose a more lenient sentence if he had received more time to prepare. Concur—Andrias, J.P., Nardelli, Gonzalez, Sweeny and Malone, JJ.