Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered September 12, 2007, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of six years, unanimously affirmed.
The court properly exercised its discretion when it denied defendant’s attorney’s request for an adjournment in order to permit him to further prepare for sentencing, and that ruling did not deprive defendant of effective assistance of counsel. Although, as part of his plea agreement, defendant faced an enhanced sentence if he failed to appear for sentencing, he was absent on the sentencing date as well as on a subsequent date after the court had stayed a bench warrant. Several months later, when defendant was involuntarily returned on the warrant for sentencing, his attorney, who had represented him throughout, requested an adjournment in order to explore defendant’s reasons for failing to appear. The court properly concluded that no such adjournment was necessary. Defendant and his counsel received suitable opportunities to confer both before and after the court denied the adjournment, they both addressed the court prior to sentencing, neither offered anything to excuse or mitigate defendant’s violation of the plea conditions, and “there is no reason to believe that counsel could have persuaded the court to impose a more lenient sentence if he had received more time to prepare” (People v Krasnovsky, 45 AD3d 446, 447 [2007], lv denied 10 NY3d 767 [2008]).
*328 We perceive no basis for reducing the sentence. Concur— Tom, J.E, Andrias, Friedman, Catterson and Acosta, JJ.