Judgment, Supreme Court, New York County (Carol Berk-man, J), rendered July 2, 2008, convicting defendant, upon his plea of guilty, of forgery in the second degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously affirmed.
The court properly imposed a felony sentence based on defendant’s violation of his plea agreement. After being rejected by a drug program, defendant absconded, adopted an alias, remained at large for 10 years, and was returned on a bench warrant. Defendant thus forfeited the opportunity to have his felony conviction replaced by a misdemeanor conviction (see People v Jenkins, 11 NY3d 282 [2008]). Although the court could *561 have imposed a more severe sentence under the agreement, it imposed the minimum lawful sentence for a second felony offender.
Given the circumstances, the court properly exercised its discretion in denying defendant’s new attorney’s request for an adjournment to permit further preparation for sentencing, and that ruling did not deprive defendant of effective assistance of counsel (see People v Chappotin, 56 AD3d 327 [1st Dept 2008], lv denied 11 NY3d 923 [2009]). Both the attorney and defendant addressed the court at sentencing, and “there is no reason to believe that counsel could have persuaded the court to impose a more lenient sentence if he had received more time to prepare” (People v Krasnovsky, 45 AD3d 446, 447 [1st Dept 2007], lv denied 10 NY3d 767 [2008]). There was no need for either counsel or the court to inquire into defendant’s 2008 arrest in Queens County, or his immigration status, because neither of these factors played any role in defendant’s sentence.
To the extent defendant may seek to vacate his plea, he must do so by motion in the trial court upon a proper evidentiary record.
Concur—Andrias, J.E, Friedman, Moskowitz, Freedman and Manzanet-Daniels, JJ.