■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KRISTI STICKEY, Also Known as KRISTI STICKNEY, Appellant. [980 NYS2d 118]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered February 29, 2012, convicting defendant, upon her plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing her to a term of 2½ years, unanimously affirmed.

Under the particular circumstances of the case, the court properly exercised its discretion when it declined to adjourn the sentencing, which had already been adjourned twice, for the purpose of having defendant's retained attorney of record appear instead of his law partner. The partner had actually represented defendant for most purposes, including the Supreme Court arraignment, the plea negotiations, and the plea proceedings, and he was plainly familiar with the case. The only issue that arose at sentencing was whether defendant's postplea conduct had disqualified her for a more lenient disposition than the agreed-upon sentence. The partner capably represented defendant in this regard, and the court properly concluded that defendant had violated the conditions of her plea. The prison sentence to be imposed in the event that defendant violated

these conditions had been negotiated, and neither the partner nor the attorney of record would have had any reason or basis for requesting further leniency (*see People v Guerrero*, 27 AD3d 386, 387 [1st Dept 2006]).

Defendant nevertheless asserts that the court's denial of an adjournment deprived her of effective assistance of counsel. She alleges that the partner was inadequately prepared for the sentencing proceeding and that the attorney of record had additional relevant information. These claims are unreviewable on direct appeal because they involve matters not reflected in the record (*see People v Krasnovsky*, 45 AD3d 446 [1st Dept 2007], *lv denied* 10 NY3d 767 [2008]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of these claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Andrias, DeGrasse and Clark, JJ.