■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN PINKSTON, Appellant. [28 NYS3d 688]—

Judgment, Supreme Court, New York County (Laura A. Ward, J., at plea; Cassandra M. Mullen, J., at sentencing), rendered December 10, 2012, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third and fourth degrees, and sentencing him, as a second violent felony offender, to an aggregate term of nine years, unanimously affirmed.

Defendant made a valid waiver of his right to appeal (*see*

*People v Sanders*, 25 NY3d 337, 341 [2015]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]). Regardless of the validity of defendant's waiver of the right to appeal, we perceive no basis for reducing the sentence. In addition, defendant's contention that his sentence was based on an presentence report that lacked statutorily required information about him is unpreserved (*see People v Smallwood*, 212 AD2d 449 [1st Dept 1995], *lv denied* 86 NY2d 741 [1995]), and we decline to review it in the interest of justice. Although defendant asserts that this defect rendered his sentence illegal, he does not claim that he received a substantively unauthorized sentence. Instead, his arguments "do not involve sentencing power but relate to presentence procedures," and are thus subject to preservation requirements (*People v Samms*, 95 NY2d 52, 58 [2000]). As an alternative holding, we find no basis upon which to remand for resentencing. Defendant received the sentence he had been promised, and had he wished to be interviewed by the Probation Department, he could have called the court's attention to the fact that he had not been produced for such an interview. Concur—Tom, J.P., Friedman, Richter, Gische and Gesmer, JJ.