■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE HARLESTON, Appellant. [31 NYS3d 41]—

Judgment, Supreme Court, New York County (Gregory Carro, J., at CPL 190.50 motion; James Burke, J., at jury trial and sentencing), rendered March 5, 2014, convicting defendant of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 15 years, unanimously modified, on the law, to the extent of remanding for resentencing, and otherwise affirmed. Order, same court (James Burke, J.), entered on or about April 1, 2015, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The court properly exercised its discretion in declining to preclude recorded phone calls made by defendant, notwithstanding that the prosecution did not advise the defense of their existence until the morning of opening statements. There is no basis for disturbing the court's credibility determination that, up until that moment, the prosecutor only intended to use these recordings for possible impeachment. Accordingly, there was no violation of CPL 240.20 (g), which only requires disclosure of recordings intended to be used on the direct case (*see People v Muller*, 72 AD3d 1329, 1335-1336 [3d Dept 2010], *lv denied* 15 NY3d 776 [2010]). In any event, defendant has not

demonstrated that he was prejudiced by the timing of the disclosure. Since the recordings did not constitute identification evidence, we reject defendant's claim that the prosecutor contradicted her prior representation that there were no identifying witnesses. Defendant's constitutional argument regarding the delayed disclosure is without merit.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The element of display of what appeared to be a firearm was satisfied by evidence supporting the conclusion that the victim, who specifically described the hard object wielded by defendant as a pistol, perceived this object to be a firearm even though he did not see it and only felt it (*see People v Baskerville*, 60 NY2d 374, 381 [1983]; *People v Groves*, 282 AD2d 278 [1st Dept 2001], *lv denied* 96 NY2d 901 [2001]; *People v Garcia*, 278 AD2d 147 [1st Dept 2000], *lv denied* 96 NY2d 759 [2001]).

To the extent the record permits review, we find that defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that counsel's failure to request a circumstantial evidence charge fell below an objective standard of reasonableness, or that the absence of such a charge deprived defendant of a fair trial or affected the outcome of the case.

Defendant's arguments concerning his attorney's failure to effectuate defendant's desire to testify before the grand jury, which were the subject of his CPL 190.50 and 440.10 motions, are unavailing (*see People v Hogan*, 26 NY3d 779, 785-787 [2016]).

Under all the circumstances, including the fact that this was a conviction after trial rather than a negotiated plea, there should be a new sentencing proceeding. Defendant was not produced for a probation interview, and the presentence report accordingly contains no social history. There is no indication in the record that defendant intentionally avoided the interview. Counsel brought the lack of an interview to the court's attention on the day of sentencing, and requested an adjournment for that purpose. Defendant's opportunity to make a statement at sentencing was not a sufficient substitute for an interview in this case, and his choice not to make such a statement does not warrant a different conclusion. Concur—Tom, J.P., Renwick, Richter, Kapnick and Webber, JJ.