Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  November 10, 2016                    106860
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

          v                                  MEMORANDUM AND ORDER

DONALD CUOMO,
                        Appellant.
_____

Calendar Date:  September 20, 2016

Before:  McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.

                        _____

        Robert A. Regan, Glens Falls, for appellant.

        Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.

                        _____

        Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered May 27, 2014, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

        Defendant pleaded guilty to one count of felony driving while intoxicated in satisfaction of a three-count indictment. Pursuant to the plea agreement, which included a waiver of appeal, County Court agreed to impose a split sentence of no more than five years of probation with 180 days in jail. The court thereafter sentenced defendant to five years of probation with the first 180 days to be served in jail and other terms, and this appeal ensued.

        Defendant's sole contention on appeal is that the sentence is harsh and excessive in view of his alcoholism and other

factors.  However, defendant's unchallenged waiver of appeal precludes this contention (see People v Lopez, 6 NY3d 248, 256 [2006]).  County Court explained during the plea colloquy that defendant would ordinarily retain the right to appeal but that, as a term of the plea arrangement, he was being required to waive that right, making clear that the waiver was separate from the trial-related rights automatically forfeited by his guilty plea (see People v Lopez, 6 NY3d at 256; People v Clark, 135 AD3d 1239, 1240 [2016], lv denied 27 NY3d 995 [2016]).  Defendant then agreed to waive his right to appeal "all aspects of this proceeding other than constitutional issues and any violation by the [c]ourt of its sentencing commitment."  The court further ascertained that defendant, who was 61 years old and had extensive experience in the criminal justice system, had discussed the waiver with counsel and understood it, establishing that it was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337, 340-341 [2015]; People v Lopez, 6 NY3d at 256).  Accordingly, as the court abided by its sentencing commitment, defendant's valid appeal waiver forecloses this claim.

McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court