■ The People of the State of New York, Respondent, v Andre Rosa, Appellant. [54 NYS3d 6]—

Judgment, Supreme Court, New York County (Edward J.

McLaughlin, J.), rendered February 17, 2015, convicting defendant, upon his plea of guilty, of attempted murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 10 years, unanimously affirmed.

Regardless of the validity of defendant's waiver of the right to appeal, we perceive no basis for reducing the sentence, or remanding for resentencing. Defendant did not preserve his claim that his sentence was improperly based on a presentence report for which he was not interviewed (*see People v Pinkston*, 138 AD3d 431 [1st Dept 2016], *lv denied* 27 NY3d 1137 [2016]), and we decline to review it in the interest of justice. As an alternative holding, we find that defendant could not have been prejudiced by any deficiency in the report. "Defendant received the precise sentence he bargained for" (*People v Davis*, 145 AD3d 623, 624 [1st Dept 2016], *lv denied* 28 NY3d 1183 [2017]), and "had he wished to be interviewed by the Probation Department, he could have called the court's attention to the fact that he had not been produced for such an interview" (*Pinkston*, 138 AD3d at 432). Moreover, there is no indication that defendant was inclined to ask the court to exercise its discretion to impose a more lenient sentence than the one the parties agreed upon, a request that, "if successful, ran the risk of undoing the plea agreement pursuant to *People v Farrar* (52 NY2d 302, 307-308 [1981])" (*People v Vaughn*, 4 AD3d 139, 139 [2004], *lv denied* 3 NY3d 649 [2004]; *see also People v Guerrero*, 27 AD3d 386, 387 [1st Dept 2006], *lv denied* 7 NY3d 756 [2006]). We note that in both *People v Harleston* (139 AD3d 412 [1st Dept 2016], *lv denied* 28 NY3d 971 [2016]) and *People v Breaux* (24 AD3d 261 [1st Dept 2005], *lv denied* 6 NY3d 809 [2006]), the error was preserved for review as a question of law, and the error was prejudicial because there was no negotiated sentence. Concur—Acosta, J.P., Renwick, Mazzarelli, Gische and Gesmer, JJ.