■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL MEDERO, Appellant. [63 NYS3d 674]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered May 13, 2015, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree, and sentencing him to a term of 2½ years, unanimously affirmed.

Although defendant did not make a valid waiver of his right to appeal, we perceive no basis for reducing the sentence, or remanding for resentencing. Defendant did not preserve his argument that his presentence report was deficient because he was not produced for an interview, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. As in *People v Rosa* (150 AD3d 442, 443 [1st Dept 2017], *lv denied* 29 NY3d 1094 [2017]), "[d]efendant received the precise sentence he bargained for, and had he wished to be interviewed by the Probation Department, he could have called the court's attention to the fact that he had not been produced for such an interview. Moreover, there is no indication that defendant was inclined to ask the court to exercise its discretion to impose a more lenient sentence than the one the parties agreed upon" (internal quotation marks and citations omitted). In any event, there is no statutory requirement that a defendant be interviewed (*see* CPL 390.30; *People v Perea*, 27 AD3d 960, 961 [3d Dept 2006]), and defendant's presentence report contained all the necessary information. Concur—Richter, J.P., Mazzarelli, Kahn and Moulton, JJ.