People v Serrano (2018 NY Slip Op 00906)





People v Serrano


2018 NY Slip Op 00906


Decided on February 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2018

Renwick, J.P., Manzanet-Daniels, Andrias, Kapnick, Moulton, JJ.


5654 3159N/15

[*1]The People of the State of New York, Respondent,
v
Julio Serrano, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Natalie Rea of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Gliner of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered November 10, 2015, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of four years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Bryant, 28 NY3d 1094, 1096 [2016]; People v Lopez, 6 NY3d 248 [2006]).
Regardless of the validity of defendant's waiver of the right to appeal, we perceive no basis for reducing the sentence, or remanding for resentencing. Defendant did not preserve his contention that his presentence report was deficient, or effectively a nullity, because he was not interviewed (see People v Medero, 155 AD3d 469 [1st Dept 2017]; People v Pinkston, 138 AD3d 431 [1st Dept 2016], lv denied 27 NY3d 1137 [2016], and we decline to review it in the interest of justice. As an alternative holding, we find defendant's claim unavailing, because he received the sentence he was promised, he showed no inclination to seek even greater leniency, and had he wished to be interviewed, he could have requested an adjournment for such an interview instead of agreeing, through counsel, to proceed to sentencing without one (see People v Rosa, 150 AD3d 442 [1st Dept 2017], lv denied 29 NY3d 1094 [2017]; People v Davis, 145 AD3d 623 [1st Dept 2016], lv denied 28 NY3d 1183 [2017]; Pinkston, 138 AD3d at 432). This was not a case where no presentence report had been prepared at all (see People v Andujar, 110 AD3d 606, 607 [1st Dept 1985]), and we reject defendant's argument that the report here was so deficient as to be a nullity. Moreover, "there is no statutory requirement that a defendant be interviewed" (Medero, 155 AD3d at 469).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 8, 2018
CLERK