People v Yates (2018 NY Slip Op 02301)





People v Yates


2018 NY Slip Op 02301


Decided on April 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2018

Friedman, J.P., Sweeny, Gesmer, Kern, Singh, JJ.


6177 1145/14

[*1]The People of the State of New York, Respondent,
v
Anthony Yates, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Carl S. Kaplan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.



Judgment, Supreme Court, New York County (Abraham Clott, J.), rendered April 13, 2015, convicting defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of 20 years, unanimously affirmed.
At defense counsel's request, the court instructed the jury regarding justification based on a reasonable belief that the complainant was attempting to rob defendant (see Penal Law 35.15[2][b]). At the People's request, and over defense objection, the court also instructed the jury regarding justification based on a reasonable belief that the complainant was using, or was about to use, deadly physical force against defendant (see Penal Law 35.15[2][a]). While we agree with defendant that the latter instruction was erroneously submitted to the jury because it was not supported by any reasonable view of the evidence (see People v Padgett, 60 NY2d 142, 144-45 [1983]), its submission, even assuming that the error was of constitutional magnitude, was harmless beyond a reasonable doubt in light of the record as a whole. While the errant instruction might have had the capacity, in some circumstances, to improperly interfere with the defense that deadly physical force was justified in response to a robbery, here that defense was so implausible, and the evidence in support of it so weak and self-contradictory, that we find no reasonable possibility that defendant would have secured an acquittal based on it if the court had not delivered the additional, erroneous justification charge (see People v Crimmins, 36 NY2d 230, 237 [1975]).
Defendant's contention that he was sentenced based on an inadequate presentence report is unpreserved and we decline to review it in the interest of justice (see People v Pinkston, 138 AD3d 431 [1st Dept 2016], lv denied 27 NY3d 1137 [2016]). We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 3, 2018
CLERK