People v Bridge (2018 NY Slip Op 07492)





People v Bridge


2018 NY Slip Op 07492


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 8, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
CHARLES BRIDGE, Appellant.

Calendar Date: September 18, 2018

Before: Garry, P.J., Egan Jr., Lynch, Rumsey and Pritzker, JJ.


Aaron A. Louridas, Delmar, for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered March 10, 2017, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.
In satisfaction of a two-count indictment, defendant pleaded guilty to driving while intoxicated and executed a waiver of his right to appeal in open court. County Court sentenced him, in accordance with the plea agreement, to 1 to 3 years in prison. Defendant now appeals.
We affirm. We are not persuaded by defendant's contention that his waiver of the right to appeal is invalid. The record reflects that County Court adequately explained to defendant that the waiver of the right to appeal was "separate and distinct" from the trial-related rights automatically forfeited by his guilty plea, and defendant acknowledged that he understood the nature of the waiver of appeal (see People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Nieves, 163 AD3d 1359, 1359 [2018], lv denied ___ NY3d ___ [Sept. 12, 2018]; People v King, 163 AD3d 1352, 1352 [2018]). In addition, defendant executed in open court a detailed written waiver of appeal, which included any challenge to the fairness of the sentence, and the court confirmed that defendant had an opportunity to discuss the consequences of the waiver with his attorney and that defendant had no further questions about the waiver of appeal (see People v Nieves, 163 AD3d at 1359; People v Hess, 150 AD3d 1560, 1560 [2017]; People v Cuomo, 144 AD3d 1266, 1267 [2016]). Accordingly, the combined oral colloquy and written waiver of appeal demonstrate that defendant knowingly, intelligently and voluntarily waived the right to appeal his conviction and sentence (see People v Chaney, 160 AD3d 1281, 1282-1283 [2018], lv denied 31 NY3d 1146 [2018]; People v Lavalley, 150 AD3d 1339, 1340 [2017]). As the court abided by its sentencing commitment, defendant's valid waiver of appeal precludes his claim that the sentence was harsh and excessive (see People v Cuchelo, 155 AD3d 1189, 1190 [2017]; People v Cuomo, 144 AD3d at 1267).
Finally, under the circumstances of this case, including that defendant had already been granted a request for an adjournment of sentencing and received the negotiated sentence, we conclude that County Court did not abuse its discretion in denying the request of defendant's new attorney for an adjournment to permit further preparation for sentencing (cf. People v Stickey, 114 AD3d 532, 532 [2014], lvs denied 22 NY3d 1203 [2014]; People v Orminski, 108 AD3d 864, 865-866 [2013], lv denied 22 NY3d 958 [2013]). Moreover, both the attorney and defendant addressed the court at sentencing, and there is no reason to believe that counsel — who was sufficiently familiar with the case, made appropriate arguments at sentencing and had an opportunity to review the presentence investigation report prior to sentencing — could have persuaded the court to impose a more lenient sentence if he had received more time to prepare (see People v Lasso, 115 AD3d 563, 564 [2014], lv denied 23 NY3d 1039 [2014]; People v Jannestil, 105 AD3d 560, 561 [2013], lv denied 22 NY3d 1041 [2013]).
Garry, P.J., Egan Jr., Lynch, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.