People v Norris (2020 NY Slip Op 07299)





People v Norris


2020 NY Slip Op 07299


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Singh, Scarpulla, JJ. 


Ind No. 985/14 985/14 Appeal No. 12522 Case No. 2017-02640 

[*1]The People of the State of New York, Respondent,
v
Malik Norris, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Elizabeth T. Schmidt of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered March 21, 2017, convicting defendant, upon his plea of guilty, of two counts of assault in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 18 years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal. The court's oral colloquy, taken together with a written waiver, established that the waiver was knowing, intelligent and voluntary (see People v Thomas, 34 NY3d 545 [2019], cert denied US, 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094, 1096 [2016]).
Regardless of the validity of defendant's waiver of the right to appeal, we perceive no basis for reducing the sentence or remanding for resentencing. Before sentencing, defendant alerted the court that he had not been produced for an interview by the Probation Department (see People v Pinkston, 138 AD3d 431, 432 [1st Dept 2016], lv denied 27 NY3d 1137 [2016]. However, we find that defendant was not prejudiced by the lack of an interview. This was not a case where no presentence report had been prepared at all (see People v Andujar, 110 AD2d 606, 607 [1st Dept 1985]). Moreover, there is no allegation that the report here was so deficient as to be a nullity, and defendant received the precise sentence he was promised (see People v Rosa, 150 AD3d 442 [1st Dept 2017], lv denied 29 NY3d 1094 [2017]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020