People v Pizzaro (2025 NY Slip Op 03025)

People v Pizzaro

2025 NY Slip Op 03025

Decided on May 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 20, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, Rodriguez, Pitt-Burke, JJ. 

Ind. No. 285/21|Appeal No. 4014|Case No. 2022-04790|

[*1]The People of the State of New York, Respondent,
v
Joel Pizzaro, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Rashad Moore of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David E. A. Crowley of counsel), for respondent.

Judgment, Supreme Court, New York County (Ann E. Scherzer, J.), rendered October 25, 2022, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of six years followed by five years of postrelease supervision (PRS), unanimously modified, on the law, to the extent of vacating the sentence and remanding for resentencing, and otherwise affirmed.
On September 15, 2022, defendant appeared with counsel and entered a plea of guilty to one count of second-degree criminal sale of a controlled substance and one count of second-degree criminal possession of a weapon in exchange for a sentence of concurrent six-year prison terms, to be followed by five years of PRS. Defendant admitted that, on December 9, 2020, he knowingly and unlawfully sold a preparation, compound, mixture, or substance containing a narcotic drug (specifically, cocaine), with an aggregate weight of a half-ounce or more, to a police officer. Defendant also admitted that, on January 16, 2021, he possessed a loaded pistol outside of his home or place of business.
The Department of Probation prepared a presentence report dated October 24, 2022, the day before sentencing. The report noted that, because of technical difficulties with the video link, defendant was not interviewed. Consequently, the report stated that defendant's education, employment history, health status, ethnicity, and mental health were "unknown." The report added that, because defendant "was not interviewed," there was "limited information concerning his social circumstances," and his "motive is unknown."
At sentencing, defense counsel confirmed that the presentence report was prepared without any interview because of technical difficulties. The court remarked this was "not unusual," but directed that defendant be arraigned for sentence. In response to the court's invitation for the parties to address any issues relevant to sentence, defense counsel stated only that he relied on the promised sentence. The court proceeded to impose sentence with no further discussion of the presentence report.
Presentence investigations of persons convicted of felonies are statutorily mandated, and a court may not pronounce sentence until it has received a written report of such an investigation (see CPL 390.20[1]; People v Hicks, 98 NY2d 185, 188 [2002]). The presentence report may be "the single most important document at both the sentencing and correctional levels of the criminal process" (id. at 189 [internal quotation marks omitted]), as it contains multiple categories of information concerning the defendant's background and the subject offense (see CPL 390.30[1]).
Because there was no presentence interview, the presentence report in this case was seriously deficient. The report was devoid of information regarding defendant's education, employment history, health status, and mental [*2]health, each a statutorily prescribed category (see CPL 390.30[1]-[2]). The report also noted that it had no information as to defendant's motive.
Defendant did not avoid the presentence interview, which was cancelled due to technical difficulties. At sentencing, his counsel advised the court that there had been no interview. Although the court afforded defendant an opportunity to make a statement at sentencing, this was "not a sufficient substitute for an interview in this case" (People v Harleston, 139 AD3d 412, 413 [1st Dept 2016], lv denied 28 NY3d 971 [2016]). Nor did defendant waive his entitlement to a statutorily compliant report by failing to object to the report's sufficiency (see People v Camacho, ___ AD3d ___, 2025 NY Slip Op 02136, *2 [1st Dept 2025]; People v Andujar, 110 AD2d 606, 607-608 [1st Dept 1985]).
Under these circumstances, we vacate the sentence and remand for resentencing in accordance with CPL 390.20[1] (see Camacho, 2025 NY Slip Op 02136, *2; Harleston, 139 AD3d at 413; People v Breaux, 24 AD3d 261, 262 [1st Dept 2005], lv denied 6 NY3d 809 [2006]; cf People v Lashley, 192 AD3d 434, 434-435 [1st Dept 2021] [lack of presentence interview did not require resentencing where sentencing court "had ample information before it regarding defendant's social, psychiatric, substance abuse and juvenile offense history"], lv denied 37 NY3d 958 [2021], lv denied sub nom People v Murray 37 NY3d 958-959 [2021]; People v Serrano, 158 AD3d 467, 468 [1st Dept 2018] [lack of interview did not render presentence report "so deficient as to be a nullity"], lv denied 31 NY3d 1087 [2018]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2025