■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL A. MILLIS, Appellant. [697 NYS2d 757] —Mercure, J. P. Appeal from a judgment of the County Court of Schuyler County (Buckley, J.), rendered March 5, 1998, convicting defendant upon his plea of guilty of the crime of attempted sodomy in the first degree.

Defendant was charged with the crimes of sodomy in the first degree, sodomy in the third degree, sexual abuse in the first degree, endangering the welfare of a child and unlawfully dealing with a child as a result of his contact with a 15-year-old boy. After undergoing two court-ordered psychiatric examinations, defendant entered a guilty plea to a reduced charge of attempted sodomy in the first degree in full satisfaction of the indictment with the understanding that he would be sentenced as a second violent felony offender to a seven-year determinate prison sentence. Sentenced in accordance with the plea agreement, defendant appeals.

We affirm. Initially, defendant's failure to move to withdraw his guilty plea or to vacate the judgment of conviction precludes our review of his challenge to the voluntariness of his plea and the effectiveness of the assistance provided by his counsel (*see, People v Faulkner*, 259 AD2d 905, *lv denied* 93 NY2d 924; *People v Smith*, 248 AD2d 891, *lv denied* 92 NY2d 906). Nevertheless, were we to consider defendant's claims, we would find them to be without merit.

The psychiatric reports available to County Court when defendant entered his plea indicate that although defendant suffered from depression and a variety of other psychiatric conditions, these problems did not impair his capacity to understand the proceedings against him or to cooperate in his defense (*see, People v Hanna*, 236 AD2d 742, *lv denied* 89 NY2d 1094). Moreover, County Court's failure to ascertain whether defendant was taking medication at the time of the plea does not provide a basis for its invalidation in view of defendant's unequivocal assertion that he fully understood the ramifications of his plea as explained by his counsel and County Court, that his plea

was knowingly entered and that he was factually guilty of the offense (*see, People v Davis*, 250 AD2d 939; *People v Thompkins*, 233 AD2d 759). Finally, considering the record as a whole and defendant's acknowledgement during the plea allocution that he was satisfied with counsel's services, we are not persuaded that defendant received ineffective representation (*see, People v Tuper*, 256 AD2d 636).

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.