■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD J. LAYTON, Appellant. [706 NYS2d 360] —Peters, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered March 25, 1998, convicting defendant upon his plea of guilty of the crime of forgery in the second degree, and which revoked defendant's probation and imposed a sentence of imprisonment.

Upon pleading guilty to forgery in the second degree, defendant, a second felony offender, was sentenced to an indeterminate term of 2 to 4 years in prison. At the same time, defen-

dant also admitted to violating his probation and, as a result, he was sentenced to a consecutive prison term of 2⅓ to 7 years. Defendant appeals contending that his guilty plea was not knowingly, voluntarily and intelligently made or, alternatively, that the sentence imposed was harsh and excessive.

Initially, we note that defendant did not move to vacate the judgment or withdraw his guilty plea and thus his claims have not been preserved for our review (*see, People v Claudio*, 64 NY2d 858; *People v Millis*, 266 AD2d 581, *lv denied* 94 NY2d 826). Were we to consider such claims we would find them without merit. Challenging the voluntariness of his plea, defendant asserts that he indicated to County Court that his "mind was all messed up". Such description, however, referred to his mental status at a time prior to the entry of the guilty plea. A transcript of the plea proceedings reveals that defendant capably responded to the questions put to him, and gave no indication of mental impairment or intoxication such as would have alerted the court to the need for any further inquiry (*see, People v Millis, supra*; *People v Planty*, 238 AD2d 806, *lv denied* 89 NY2d 1098). Moreover, inasmuch as defendant stated on the record that he had conferred with his attorney regarding the ramifications of his plea and that he was entering his guilty plea freely and voluntarily, we find no basis for vacating the guilty plea (*see, id.*). Finally, given his lengthy criminal history and the fact that he violated his probation, we see no reason to disturb the sentence imposed by County Court (*see, People v Upson*, 251 AD2d 818; *People v Marshall*, 246 AD2d 698).

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.