THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN K. HOYT, JR., Appellant. [965 NYS2d 253]——

McCarthy, J. Appeal from a judgment of the County Court of Otsego County (Burns, J.), rendered September 11, 2009, convicting defendant upon his plea of guilty of the crime of aggravated sexual abuse in the third degree.

Defendant was charged by indictment with aggravated sexual abuse in the third degree. He pleaded guilty as charged and waived his right to appeal. Prior to sentencing, defendant moved to withdraw his plea, arguing that he was denied the effective assistance of counsel and was coerced into pleading guilty. County Court denied the motion without a hearing and subsequently imposed the agreed-upon sentence of six months in jail and 10 years of probation. Defendant appeals.

We affirm. Initially, defendant can challenge the voluntariness of his plea despite his waiver of appeal (*see People v Revette*, 102 AD3d 1065, 1066 [2013]). Nevertheless, our review of the plea colloquy reveals that defendant's plea was entered into knowingly, voluntarily and intelligently. County Court engaged in a detailed plea colloquy, informing defendant of the ramifications of pleading guilty and the rights he would be relinquishing by doing so. Defendant confirmed that he had consulted with counsel and that he was entering into the plea of his own will. Significantly, defendant expressly stated during the colloquy that he had not been forced into pleading guilty and that he was satisfied with the services of his counsel. Accordingly, we conclude that County Court did not abuse its discretion when it denied defendant's motion to withdraw his plea without a hearing (*see People v Carpenter*, 93 AD3d 950, 951-952 [2012], *lv denied* 19 NY3d 863 [2012]; *People v Waters*, 80 AD3d 1002, 1003 [2011], *lv denied* 16 NY3d 864 [2011]; *People v Hayes*, 71 AD3d 1187, 1188 [2010], *lv denied* 15 NY3d 852 [2010]).

Peters, P.J., Rose and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.