■ The People of the State of New York, Respondent, v Joseph J. Ravenell, Appellant. [980 NYS2d 167]—

Egan Jr., J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered February 17, 2012, convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree.

Defendant was indicted on one count of attempted robbery in the first degree following an incident in which he attempted to rob a convenience store with a butcher knife. Following multiple adjournments for defendant to consider the People's offer to recommend a sentence of no more than six years in prison in exchange for a plea of guilty to the charged crime, defendant

pleaded guilty. While awaiting sentencing, defendant sent County Court two letters expressing dissatisfaction with his representation and indicating his desire to withdraw his plea. Following further proceedings and the assignment of new counsel, defendant moved to withdraw his plea. County Court thereafter denied defendant's motion without a hearing and sentenced defendant to a prison term of five years followed by five years of postrelease supervision. Defendant now appeals.

We affirm. The only argument presented on appeal is that County Court erred in refusing defendant's request to withdraw his plea. The decision whether to grant a motion to withdraw a guilty plea rests within the sound discretion of the trial court, and a hearing is only warranted in rare instances (*see People v Pittman*, 104 AD3d 1027, 1027 [2013], *lv denied* 21 NY3d 1008 [2013]; *People v Trombley*, 91 AD3d 1197, 1202 [2012], *lv denied* 21 NY3d 914 [2013]). "Generally, a plea may not be withdrawn absent evidence of innocence, fraud or mistake in the inducement" (*People v Arnold*, 102 AD3d 1061, 1062 [2013] [citations omitted]). Here, defendant unequivocally admitted—in great detail—to conduct constituting the crime, the range of sentencing options was explained to him on multiple occasions by both the court and defense counsel prior to his guilty plea, he acknowledged that he understood the plea and had sufficient time to discuss the matter with counsel, he affirmed that he had neither been threatened to plead guilty nor promised anything outside of the sentencing range and he stated that he was pleading guilty freely and voluntarily. Accordingly, County Court did not abuse its discretion in denying defendant's motion without a hearing (*see People v Hoyt*, 106 AD3d 1340, 1340 [2013]; *People v Pittman*, 104 AD3d at 1028).

Peters, P.J., Stein and Rose, JJ., concur. Ordered that the judgment is affirmed.