*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    106601
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

THOMAS M. GASPARRO,
                        Appellant.
_____

Calendar Date:  April 26, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Devine and Mulvey, JJ.

_____

        Donna Marie Lasher, Youngsville, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____

Peters, P.J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered November 15, 2013, convicting defendant
upon his plea of guilty of the crime of burglary in the second
degree (two counts).

        Defendant pleaded guilty to two counts of burglary in the
second degree in full satisfaction of a six-count indictment, and
his plea included a waiver of the right to appeal.  Prior to
sentencing, defendant moved to withdraw his plea, alleging that
it was the result of duress.  County Court denied that motion
without a hearing and thereafter sentenced defendant to five
years in prison, to be followed by five years of postrelease
supervision.  Defendant now appeals.

We affirm.  Contrary to defendant's contention, the plea colloquy and counseled written waiver executed in open court demonstrate that he validly waived the right to appeal his conviction and sentence (see People v O'Keefe, 133 AD3d 1034, 1034-1035 [2015], lv denied 26 NY3d 1148 [2016]; People v Long, 117 AD3d 1326, 1326 [2014], lv denied 24 NY3d 1003 [2014]).  Defendant's valid waiver of the right to appeal precludes us from reviewing his contention that his sentence is harsh and excessive (see People v Butler, 134 AD3d 1349, 1350 [2015], lvs denied 27 NY3d 962, 963 [2016]; People v Bethea, 133 AD3d 1033, 1033-1034 [2015]).

As to defendant's plea, a review of the plea colloquy demonstrates that the plea was entered knowingly, voluntarily and intelligently.  County Court engaged in a lengthy colloquy informing defendant of the ramifications of the plea, including the rights he would be relinquishing, and defendant affirmed his understanding thereof and freely admitted to the commission of the crimes (see People v Trimm, 129 AD3d 1215, 1216 [2015]; People v Hoyt, 106 AD3d 1340, 1340 [2013]).  Any claim that defendant was under duress at the time of the plea is belied by the record, as he assured County Court that he had discussed the plea with counsel and that he had not been threatened or coerced into pleading guilty (see People v Hoyt, 106 AD3d at 1340; People v Phillips, 71 AD3d 1181, 1183-1184 [2010], lvs denied 15 NY3d 755 [2010]).  Finally, we reject defendant's contention that County Court should have further inquired into his mental condition at the time of his plea, inasmuch as he capably and coherently responded to the court's questions during the allocution, including stating that he was not under the influence of alcohol or drugs or suffering from any physical or mental impairments that prevented him from understanding the proceedings (see People v Layton, 270 AD2d 714, 715 [2000], lv denied 95 NY2d 799 [2000]).  Accordingly, County Court did not abuse its discretion in denying defendant's motion to withdraw his plea without a hearing.

Lahtinen, Egan Jr., Devine and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court