*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 6, 2016                    107177
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                                MEMORANDUM AND ORDER

LEON SAMUEL,
                        Appellant.
_____

Calendar Date:   September 13, 2016

Before:  McCarthy, J.P., Garry, Devine, Clark and Mulvey, JJ.

_____

        Keeley A. Maloney, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Brittany L.
Grome of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the County Court of Albany County
(Lynch, J.), rendered October 21, 2014, convicting defendant upon
his plea of guilty of the crime of robbery in the third degree.

        Defendant waived indictment and was charged in a superior
court information with robbery in the third degree.  He pleaded
guilty to this crime in satisfaction of another pending charge
and waived his right to appeal, both orally and in writing.  In
accordance with the terms of the plea agreement, defendant was
sentenced, as a second felony offender, to 3 to 6 years in
prison.  He now appeals.

        Initially, the record discloses that defendant validly
waived his right to appeal, as County Court separately addressed

and distinguished this right from the other rights that defendant was automatically forfeiting by pleading guilty, and defendant communicated his understanding thereof and agreed to waive his right to appeal (see People v Cota, 136 AD3d 1116, 1116-1117 [2016]; People v Butler, 134 AD3d 1349, 1349-1350 [2015], lvs denied 27 NY3d 962, 963 [2016]).  In addition, defendant executed a written appeal waiver that both he and his counsel signed in open court and presented to County Court (see People v Butler, 134 AD3d at 1349-1350; People v Rubio, 133 AD3d 1041, 1042 [2015]).  Inasmuch as defendant knowingly, voluntarily and intelligently waived his right to appeal, he is precluded from challenging the severity of the sentence (see People v Butler, 134 AD3d at 1350; People v Almeida, 127 AD3d 1499, 1500 [2015], lv denied 26 NY3d 1006 [2015]).  Defendant further argues that his counsel was ineffective in failing to bring certain mitigating circumstances to County Court's attention and to address the effect that his guilty plea may have upon his federal probation.  As this claim pertains to sentencing and does not implicate the voluntariness of defendant's guilty plea, it is also foreclosed by defendant's valid appeal waiver (see People v Livziey, 117 AD3d 1341, 1342 [2014]; People v Coffey, 77 AD3d 1202, 1204 [2010], lv denied 18 NY3d 882 [2012]).

McCarthy, J.P., Garry, Devine and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court