■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PLASS, Appellant. [56 NYS3d 581]—

Mulvey, J. Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered June 25, 2015, convicting defendant upon his plea of guilty of the crime of attempted robbery in the third degree.

Defendant waived his right to a grand jury indictment and pleaded guilty to attempted robbery in the third degree as charged in the resulting superior court information and waived his right to appeal. Prior to sentencing, defendant made an oral motion to withdraw his plea, alleging that the plea was not entered knowingly, voluntarily and intelligently. County Court denied the motion and, in accordance with the plea agreement, sentenced defendant, as a second felony offender, to a prison term of 2 to 4 years. Defendant now appeals.

We affirm. Contrary to defendant's contention, his waiver of the right to appeal was valid. County Court distinguished the right to appeal from the rights automatically forfeited by a guilty plea and defendant communicated his understanding thereof. Additionally, defendant executed a written waiver in open court, which he and his counsel signed, that included defendant's acknowledgment that he was waiving the right to appeal after discussing the waiver with counsel (*see People v Samuel*, 143 AD3d 1012, 1012 [2016]; *People v Ravenell*, 114 AD3d 997, 998 [2014], *lv denied* 23 NY3d 1041 [2014]; *People v Hoyt*, 106 AD3d 1340, 1340 [2013]). We reject defendant's contention that he agreed to plead guilty with no consideration given in exchange for the plea, as the record reflects that defendant agreed to plead guilty to a reduced charge (*see People v Sawyer*, 135 AD3d 1164, 1165 [2016], *lv denied* 27 NY3d 1006 [2016]; *compare People v Crump*, 107 AD3d 1046, 1047 [2013], *lv denied* 21 NY3d 1014 [2013]). Defendant's knowing, intelligent and voluntary appeal waiver precludes his challenge to the severity of his sentence (*see People v Miller*, 137 AD3d 1485, 1485 [2016]; *People v Butler*, 134 AD3d 1349, 1350 [2015], *lv denied* 27 NY3d 963 [2016]).

Finally, we reject defendant's contention that he should have been allowed to withdraw his plea. "Generally, a plea may not be withdrawn unless there is some evidence of innocence, fraud or mistake in its inducement" (*People v Carmona*, 66 AD3d 1240, 1241 [2009] [citations omitted], *lv denied* 14 NY3d 799 [2010]; *see People v Martin*, 136 AD3d 1110, 1111 [2016]). In support of his motion, defendant contended that his plea was not knowing and voluntary in that he did not have enough time to discuss the plea with counsel and that he has reading difficulties, mental health issues and substance abuse issues. A review of the plea colloquy reflects, however, that defendant affirmed that he had a full opportunity to meet with counsel prior to entering his plea and that he was satisfied with counsel's representation, that he was thinking clearly and understood the terms of the plea and that he had no problem understanding or reading the English language (*see People v Ravenell*, 114 AD3d at 998; *People v Hoyt*, 106 AD3d at 1340). Defendant's further claim supporting his withdrawal motion, that his plea was not knowing and voluntary because he had not reviewed certain unidentified discovery material prior to pleading guilty, was unsubstantiated and insufficient to warrant withdrawal of his plea (*see People v Belile*, 137 AD3d 1427, 1428 [2016], *lv denied* 27 NY3d 1128 [2016]).

McCarthy, J.P., Egan Jr., Rose and Devine, JJ., concur. Ordered that the judgment is affirmed.