Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered July 7, 2015, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.
 

 After waiving indictment, defendant pleaded guilty to a superior court information charging him with driving while intoxicated and executed a waiver of appeal. Although the People promised to recommend a prison sentence of 1 to 3 years as part of the plea agreement, County Court informed defendant prior to his plea that, given defendant’s criminal history, it would not follow the People’s sentencing recommendation and would instead sentence defendant to a prison term of IV3 to 4 years, to which defendant consented. Consistent with the foregoing, County Court sentenced defendant to a prison term of IV3 to 4 years. Defendant now appeals, claiming that the sentence is harsh and excessive.
 

 We affirm. Defendant’s sole contention on appeal is that the sentence is harsh and excessive in view of his long period of sobriety prior to the instant offense. However, defendant’s unchallenged waiver of appeal precludes this contention (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Cuomo, 144 AD3d 1266, 1266 [2016]). The record reflects that County Court adequately explained during the plea colloquy that the waiver of the right to appeal was separate and distinct from the rights forfeited by the guilty plea, and defendant acknowledged that he understood the nature of the appeal waiver (see People v Lopez, 6 NY3d at 256). In addition, defendant signed a written waiver of appeal in open court, after reviewing it with counsel and affirming his understanding thereof, in which he expressly waived the right to argue, among other things, that the sentence is harsh and excessive (see People v Lambert, 151 AD3d 1119, 1119 [2017], lv denied 29 NY3d 1092 [2017]; People v Plass, 150 AD3d 1558, 1559 [2017], lv denied 29 NY3d 1094 [2017]). Accordingly, as the court abided by its sentencing commitment, the valid appeal waiver precludes defendant’s claim that the sentence is harsh and excessive (see People v Hess, 150 AD3d 1560, 1560 [2017]; People v Lavalley, 150 AD3d 1339, 1340 [2017]).
 

 Egan Jr., J.P., Lynch, Aarons, Rumsey and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed.