■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH A. PETERKIN, Appellant. [64 NYS3d 617]—

Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered February 19, 2016, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

In full satisfaction of a four-count indictment, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and executed a waiver of appeal. Consistent with the plea agreement, County Court imposed a one-year term of interim probation supervision and ordered defendant to comply with the terms and conditions thereof, warning him that, if he violated the conditions, he faced up to eight years in prison and five years of postrelease supervision. In August 2014, following a hearing, County Court found that defendant had violated the terms of interim probation and resentenced him to an additional year of interim probation. In March 2015, defendant was indicted on various drug charges and ultimately convicted of six felonies in January 2016. As a result, County Court found that defendant had again failed to comply with the conditions of his interim probation and sentenced him, as a second felony drug offender, to a five-year prison term to be followed by three years of postrelease supervision. Defendant now appeals.

We affirm. Contrary to defendant's contention, we find that his combined oral and written waiver of the right to appeal was knowing, voluntary and intelligent (*see People v Sanders*,

25 NY3d 337, 341 [2015]; *People v Lopez*, 6 NY3d 248, 256 [2006]). The plea minutes demonstrate that defendant was advised that an appeal waiver was a condition of the plea and that he understood and voluntarily agreed to this condition, and County Court made clear that the waiver of appeal was separate and distinct from the trial-related rights that he automatically forfeited by his guilty plea (*see People v Lopez*, 6 NY3d at 256; *People v Belile*, 137 AD3d 1460, 1461 [2016]). Defendant then signed a detailed written waiver in open court that outlined his rights and the consequences of the waiver, that specifically waived his right to challenge the severity of the sentence and that indicated that defendant had discussed the waiver with counsel and understood it. Accordingly, defendant's valid appeal waiver precludes his challenge to the sentence as harsh and excessive given that he was informed of the sentence that could be imposed if he did not successfully complete the term of interim probation (*see People v Tulip*, 150 AD3d 1564, 1565-1566 [2017]; *People v Saucier*, 69 AD3d 1125, 1126 [2010]).

Peters, P.J., McCarthy, Rose, Devine and Pritzker, JJ., concur. Ordered that the judgment is affirmed.