■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARED DUTCHER, Appellant. [67 NYS3d 354]—

Rumsey, J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered February 17, 2015, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.

In satisfaction of various pending charges, defendant pleaded guilty to a superior court information charging him with criminal contempt in the first degree and waived his right to appeal. County Court sentenced him to the agreed-upon prison term of 1⅓ to 4 years, and defendant now appeals.

We affirm. Contrary to defendant's contention, his combined oral and written waiver of the right to appeal was knowing, intelligent and voluntary (*see People v Sanders*, 25 NY3d 337, 339-341 [2015]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]). County Court advised defendant that the right to appeal was separate from the other rights that he would forfeit upon pleading guilty. Additionally, defendant executed a detailed written waiver in open court, which he and his counsel signed, that included an explanation that defendant was relinquishing the right to appeal and defendant's acknowledgment that he had discussed the waiver of the right to appeal with counsel and was voluntarily waiving that right. County Court further confirmed that counsel had reviewed the written waiver with defendant and that defendant understood it. Accordingly, we conclude that defendant validly waived the right to appeal (*see People v Plass*, 150 AD3d 1558, 1559 [2017], *lv denied* 29 NY3d 1094 [2017]; *People v Taylor*, 144 AD3d 1317, 1318 [2016], *lv denied* 28 NY3d 1151 [2017]). Defendant's valid waiver precludes his contention that his sentence is harsh and excessive (*see People v Plass*, 150 AD3d at 1559; *People v Miller*, 137 AD3d 1485, 1485 [2016]).

Although defendant did not preserve his claim of ineffective assistance of counsel by moving to withdraw his plea pursuant to CPL 220.60 (3), there is a narrow exception to the preservation rule when a defendant had no actual or practical ability to make such motion and the error complained of is clear from the record (*see People v Tyrell*, 22 NY3d 359, 364 [2013]; *People v Louree*, 8 NY3d 541, 546 [2007]). Here, defendant did not have the practical ability to move to withdraw his plea, inasmuch as sentencing occurred immediately after he entered his guilty plea (*see People v Conceicao*, 26 NY3d 375, 381

[2015]; *People v Tyrell*, 22 NY3d at 364). However, we note that defendant's claims involve matters outside of the record that are properly the subject of a CPL article 440 motion (*see People v Haffiz*, 19 NY3d 883, 885 [2012]; *People v Franklin*, 146 AD3d 1082, 1084 [2017], *lv denied* 29 NY3d 948 [2017]; *People v Taylor*, 144 AD3d at 1318-1319).

Peters, P.J., Egan Jr., Lynch and Clark, JJ., concur. Ordered that the judgment is affirmed.