People v Woods (2018 NY Slip Op 00868)





People v Woods


2018 NY Slip Op 00868


Decided on February 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 8, 2018

108118

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
EARL WOODS, Appellant.

Calendar Date: January 19, 2018

Before: Garry, P.J., McCarthy, Mulvey, Aarons and Pritzker, JJ.


Harvey C. Silverstein, Latham, for appellant.
P. David Soares, District Attorney, Albany (Emily A. Schultz of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered November 13, 2015, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the third degree (two counts).
In satisfaction of a seven-count indictment, defendant pleaded guilty to two counts of criminal sexual act in the third degree. Thereafter, defendant moved pro se to withdraw his guilty plea based on the allegation that police improperly obtained his DNA without a warrant. When given the opportunity to make further arguments in support of his motion, defendant claimed that the People had invented evidence against him. Finding that defendant had not provided a persuasive argument in support of withdrawing his guilty plea, County Court denied the
motion. The court thereafter sentenced defendant on each count to a prison term of 3½ years to be followed by 10 years of postrelease supervision, the sentences to run consecutively. Defendant appeals, and we affirm.
Defendant did not argue to County Court that the indictment should be dismissed because of the 14-month period between a police interview and his indictment, and, as a result, the People were never provided an opportunity to address the issue or develop the record in that regard (see People v Jordan, 62 NY2d 825, 826 [1984]; People v Denis, 276 AD2d 237, 247 [2000], lv denied 96 NY2d 782 [2001]). Accordingly, we find that defendant's contention that he was denied due process because of this delay is unpreserved for our review.
Next, as defendant provided no evidence to support a claim of innocence, fraud or mistake in the inducement, we find that County Court did not abuse its discretion in denying his motion to withdraw his guilty plea without holding a hearing (see People v Wren, 119 AD3d 1291, 1292 [2014], lv denied 24 NY3d 1048 [2014]; People v Ravenell, 114 AD3d 997, 998 [2014], lv denied 23 NY3d 1041 [2014]). Finally, we find ample support for the imposition of consecutive sentences, as contemplated by the plea agreement, given that the two charges related to separate and distinct acts of sexual abuse. One count related to oral sexual conduct while the other related to anal sexual conduct, and both the indictment and defendant's plea allocution reflect that the two instances of abuse took place at separate times. Accordingly, we find that consecutive sentences were authorized (see People v Jackson, 101 AD3d 1685, 1685-1686 [2012], lv denied 21 NY3d 1005 [2013]; People v Goodbond, 291 AD2d 584, 585 [2002]).
Garry, P.J., McCarthy, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.