People v McCarthy (2018 NY Slip Op 01675)





People v Mccarthy


2018 NY Slip Op 01675


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018

108282

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KEVIN M. McCARTHY JR., Appellant.

Calendar Date: January 23, 2018

Before: Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered March 30, 2015, convicting defendant upon his plea of guilty of the crime of rape in the second degree.
In satisfaction of various pending charges, defendant pleaded guilty to rape in the second degree and waived his right to appeal both orally and in writing. The plea agreement did not contemplate an agreed-upon sentence, but County Court informed defendant during the plea colloquy that he could receive a sentence of up to seven years in prison. County Court subsequently sentenced defendant, as a second felony offender, to six years in prison, to be followed by five years of postrelease supervision. Defendant now appeals.
We are unpersuaded by defendant's contention that his waiver of the right to appeal is invalid. The record reflects that County Court adequately explained to defendant that the waiver of the right to appeal was separate and distinct from the rights forfeited by the guilty plea, and defendant acknowledged that he understood the nature of the appeal waiver (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Weir, 155 AD3d 1190, 1191 [2017]). Moreover, defendant signed a written waiver of the right to appeal in open court and in the presence of his counsel, in which he affirmed that he understood that he was waiving his right to argue, among other things, that the sentence is harsh and excessive (see People v Peterkin, 156 AD3d 962, 963 [2017]; People v Cuchelo, 155 AD3d 1189, 1190 [2017]). Notwithstanding the fact that defendant never orally confirmed before he signed the waiver that he read and understood it, the record establishes that his waiver of the right to appeal was knowing, voluntary and intelligent (see People v Nichols, 155 AD3d 1186, 1187 [2017]; People v Empey, 144 AD3d 1201, 1202-1203 [2016], lv denied 28 NY3d 1144 [2017]). In light of defendant's valid appeal waiver, his [*2]contention that the sentence is harsh and excessive is precluded (see People v Dutcher, 156 AD3d 1122, 1122 [2017]; People v Bigwarfe, 155 AD3d 1450, 1450 [2017]).
Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.