People v Larose (2018 NY Slip Op 02678)





People v Larose


2018 NY Slip Op 02678


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

108612

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ANTHONY A. LAROSE II, Appellant.

Calendar Date: March 2, 2018

Before: Garry, P.J., McCarthy, Lynch, Devine and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



MEMORANDUM
Appeal from a judgment of the County Court of St. Lawrence County (Champagne, J.), rendered July 7, 2016, convicting defendant upon his plea of guilty of the crimes of unlawful manufacture of methamphetamine in the third degree and driving while ability impaired.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with unlawful manufacture of methamphetamine in the third degree and driving with ability impaired. A plea agreement was reached pursuant to which defendant pleaded guilty to the charged crimes and waived his right to appeal, both orally and in writing. In accordance with the plea agreement, he was sentenced, as a second felony offender, to an aggregate prison term of four years followed by two years of postrelease supervision, to be executed as a
sentence of parole supervision thereby allowing for his participation in a drug treatment program (see CPL 410.91). Defendant appeals.
We are unpersuaded by defendant's contention that his waiver of the right to appeal is invalid. The record reflects that County Court explained to defendant that the waiver of the right to appeal was separate and distinct from the rights automatically forfeited by the guilty plea, and defendant acknowledged that he understood the nature of the waiver (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Dobbs, 157 AD3d 1122, 1122 [2018]). Defendant also signed a detailed written waiver in open court that outlined his rights and the consequences of the waiver, including the fact that he was waiving his right to argue, among other things, that the sentence is harsh or excessive (see People v Peterkin, 156 AD3d 962, 963 [2017]; People v Cuchelo, 155 AD3d 1189, 1190 [2017]). We are unpersuaded by defendant's contention that County Court [*2]erred by not explaining the waiver of appeal until after defendant admitted his guilt to the charges. The plea minutes demonstrate that defendant was fully aware at the time that he admitted his guilt that an appeal waiver was a condition of the plea agreement and the court did not accept the plea until after the waiver was fully explained and he executed the written waiver. In light of defendant's valid appeal waiver, his contention that the agreed-upon sentence is harsh and excessive is precluded (see People v Dutcher, 156 AD3d 1122, 1122 [2017]; People v Brothers, 155 AD3d 1257, 1258 [2017]).
Garry, P.J., McCarthy, Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.