People v Rogers (2018 NY Slip Op 04791)





People v Rogers


2018 NY Slip Op 04791


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, 
v
OMAR S. ROGERS, Appellant.

Calendar Date: May 8, 2018

Before: Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Dennis J. Lamb, Troy, for appellant.
P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered July 13, 2016 in Albany County, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with robbery in the second degree. In satisfaction thereof, he pleaded guilty to robbery in the second degree and waived his right to appeal, both orally and in writing. In accordance with the plea agreement, defendant was sentenced to a prison term of five years, to be followed by five years of postrelease supervision. Defendant now appeals.
Defendant contends that his appeal waiver is invalid and therefore does not preclude his challenge to the severity of the sentence. We are unpersuaded and affirm. The record reflects that Supreme Court adequately explained to defendant that the waiver of the right to appeal was separate and distinct from the trial-related rights automatically forfeited by his guilty plea, and defendant further acknowledged that he understood the nature of the waiver (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Dobbs, 157 AD3d 1122, 1122 [2018], lv denied 31 NY3d 983 [2018]; People v Rushlow, 137 AD3d 1482, 1483 [2016]). After discussing the waiver with counsel, defendant also signed a written waiver of appeal, in which defendant acknowledged that he was waiving his right to argue that the sentence is harsh or excessive (see People v Peterkin, 156 AD3d 962, 963 [2017]; People v Cuchelo, 155 AD3d 1189, 1190 [2017]). Accordingly, given the validity of the combined oral and written appeal [*2]waiver, defendant's contention that the agreed-upon sentence is harsh and excessive is precluded (see People v Dutcher, 156 AD3d 1122, 1122 [2017]; People v Brothers, 155 AD3d 1257, 1258 [2017]).
Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.