People v Jackson (2018 NY Slip Op 05370)





People v Jackson


2018 NY Slip Op 05370


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
RONDELL JACKSON, Also Known as DIGGITY, Appellant.

Calendar Date: June 6, 2018

Before: Devine, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Amanda FiggsGanter, Albany, for appellant.
Barbara D. Underwood, Attorney General, New York City (Jodi A. Danzig of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered July 1, 2014, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant and 30 others were charged in an indictment with crimes related to the distribution of cocaine. In satisfaction of the counts against him in the indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and waived his right to appeal. At sentencing, defendant made an oral application to withdraw his plea, which County Court denied without a hearing. County Court then sentenced defendant, consistent with the terms of the plea agreement and as a prior violent felony drug offender, to 11 years in prison to be followed by 1½ years of postrelease supervision. Defendant now appeals.
Defendant contends that County Court abused its discretion in denying his motion to withdraw his plea. Initially, to the extent that his claim implicates the voluntariness of his plea, it survives his unchallenged appeal waiver and was preserved by his motion to withdraw his guilty plea (see People v Sullivan, 153 AD3d 1519, 1521 [2017], lv denied 30 NY3d 1064 [2017]; People v Taylor, 144 AD3d 1317, 1318 [2016], lvs denied 28 NY3d 1144, 1151 [2017]). Nevertheless, "[w]hether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of the trial court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (People v Pooler, 158 AD3d 935, 936 [2018] [internal quotation marks, brackets and citations omitted]; accord People v Snow, 159 AD3d 1278, 1279 [2018]).
There is nothing in the record to support defendant's claim that his plea was involuntary as the result of ineffective assistance of counsel. Although defendant alleges that his access to his attorney was impaired due to his confinement in a maximum security facility, he has failed to [*2]demonstrate how this fact rendered his plea involuntary. During the plea colloquy, defendant acknowledged that he understood the provisions of the plea agreement, had sufficiently discussed the agreement with counsel and was satisfied with her representation. Defendant further acknowledged that no one had coerced or pressured him to plead guilty and that he was doing so freely and voluntarily (see People v Ravenell, 114 AD3d 997, 998 [2014], lv denied 23 NY3d 1041 [2014]; People v Conyers, 227 AD2d 793, 793-794 [1996], lv denied 88 NY2d 982 [1996]). Moreover, counsel negotiated a favorable plea bargain and nothing in the record suggests that defendant received less than meaningful representation (see People v Jabot, 156 AD3d 954, 955 [2017], lv denied 30 NY3d 1116 [2018]; People v Sullivan, 153 AD3d 1519, 1521-1522 [2017], lv denied 30 NY3d 1064 [2017]). Under these circumstances, County Court did not abuse its discretion in denying defendant's motion to withdraw his plea without a hearing (see People v Wrest, 159 AD3d 1274, 1275 [2018]; People v Snow, 159 AD3d at 1279; People v Brown, 154 AD3d 1004, 1006-1007 [2017], lv denied 30 NY3d 1113 [2018]).
Finally, defendant's assertion that counsel did not adequately advise him about the effect that his cooperation would have on his sentence implicates matters outside the record on appeal and is more properly the subject of a CPL article 440 motion (see People v Pooler, 158 AD3d at 936). Defendant's remaining contentions have been reviewed and determined to lack merit.
Clark, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.