People v Charles (2018 NY Slip Op 05537)





People v Charles


2018 NY Slip Op 05537


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, 
v
SMITH CHARLES, Appellant.

Calendar Date: June 11, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Clark, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered September 21, 2016, convicting defendant upon his plea of guilty of the crimes of criminal possession of a forged instrument in the second degree, identity theft in the second degree and unlawful possession of personal identification information in the third degree.
In full satisfaction of a 71-count indictment, defendant was offered the opportunity to plead guilty to one count of criminal possession of a forged instrument in the second degree, one count of identity theft in the second degree and one count of unlawful possession of personal identification information in the third degree with the understanding that he would be sentenced to 30 days in the local jail and five years of probation. The negotiated plea agreement also required defendant to waive his right to appeal. Defendant subsequently pleaded guilty to the enumerated offenses, and County Court imposed the agreed-upon concurrent sentences. This appeal ensued.
We affirm. Although County Court's explanation of the waiver of the right to appeal arguably could have been more expansive, the court made clear that an appeal waiver was a condition of the plea agreement (see People v Venable, 161 AD3d 1315, 1315 [2018]; People v Sharpe, 159 AD3d 1192, 1193 [2018], lv denied ___ NY3d ___ [June 12, 2018]), explained that the right to appeal was "a separate and distinct right" (see People v Gilmour, 160 AD3d 1219, 1220 [2018]; People v Lester, 141 AD3d 951, 952-953 [2016], lv denied 28 NY3d 1185 [2017]) and confirmed that defendant was willing to "give up this separate right of appeal" in exchange for the favorable plea agreement. Additionally, defendant signed a written waiver in open court, indicated that he had discussed the waiver with counsel and assured County Court that he understood the nature of the right being forfeited (see People v Edwards, 160 AD3d 1280, 1281 [2018]; People v Cayon, 158 AD3d 946, 947 [2018], lv denied ___ NY3d ___ [May 30, 2018]). Under these circumstances, the combined oral colloquy and written appeal waiver establish that defendant knowingly, intelligently and voluntarily waived his right to appeal his conviction and sentence (see People v Venable, 161 AD3d at 1315; People v Edwards, 160 AD3d at 1281; [*2]People v Dutcher, 156 AD3d 1122, 1122 [2017]). Accordingly, his challenge to the agreed-upon sentences imposed is precluded (see People v Edwards, 160 AD3d at 1281; People v Cayon, 158 AD3d at 947).
Garry, P.J., McCarthy, Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the judgment is affirmed.