People v Muller (2018 NY Slip Op 07798)





People v Muller


2018 NY Slip Op 07798


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

109222

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ERNEST MULLER, Also Known as BIG E, Appellant.

Calendar Date: October 15, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.


Theresa M. Suozzi, Saratoga Springs, for appellant.
Barbara D. Underwood, Attorney General, New York City (Lisa E. Fleischmann of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered March 7, 2016, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In satisfaction of a 75-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and waived the right to appeal, with the understanding that his sentence would range from time served to five years in prison, to be followed by two years of postrelease supervision. Despite defendant being arrested on a new charge of criminal sale of a controlled substance in the third degree while awaiting sentencing and admittedly violating a condition of his plea agreement that he cooperate with the People in the prosecution of his coconspirators, County Court adhered to the terms of the plea agreement and sentenced him to five years in prison, to be followed by two years of postrelease supervision. Defendant now appeals.
We affirm. To the extent that defendant challenges the validity of his waiver of the right to appeal, the record reflects that his combined oral and written waiver of the right to appeal was knowing, intelligent and voluntary (see People v Sanders, 25 NY3d 337, 339-341 [2015]; People v Lopez, 6 NY3d 248, 256 [2009]). County Court distinguished the right to appeal from the rights automatically forfeited by a guilty plea. Defendant then signed a written waiver in open court after reading it and discussing it with counsel and affirmed to the court his understanding thereof. Under these circumstances, we find that defendant validly waived the right to appeal (see People v Dutcher, 156 AD3d 1122, 1122 [2017]; People v Plass, 150 AD3d 1558, 1559 [2017], lv denied 29 NY3d 1094 [2017]). Defendant's claim that the sentence is harsh and excessive is thus precluded by the valid appeal waiver (see People v Rogers, 162 AD3d 1410, 1410 [2018]; People v Stein, 161 AD3d 1389, 1390 [2018]).
Defendant's challenge to the voluntariness of his pleasurvives his appeal waiver but is unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion (see People v Wood, 161 AD3d 1447, 1449 [2018]; People v Edwards, 160 AD3d 1280, 1281 [2018], lv denied 31 NY3d 1147 [2018]). Moreover, defendant did not make any statements during the plea allocution that cast doubt on his guilt or called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation rule (see People v Brewster, 161 AD3d 1309, 1310 [2018]; People v Edwards, 160 AD3d at 1281). His ineffective assistance of counsel claim also survives his appeal waiver to the extent that it impacts the voluntariness of his plea but is similarly unpreserved for review in the absence of a postallocution motion (see People v Robinson, 155 AD3d 1252, 1253 [2017], lv denied 30 NY3d 1119 [2018]; People v Williams, 150 AD3d 1549, 1551 [2017]). We note that the majority of the issues raised regarding ineffective assistance of counsel, including that counsel failed to explore potential defenses, involve matters outside of the record and are more properly the subject of a CPL article 440 motion (see People v Cantey, 161 AD3d 1449, 1450-1451 [2018], lv denied 32 NY3d 935 [2018]; People v Smith, 155 AD3d 1244, 1246 [2017]).
McCarthy, J.P., Devine, Clark and Aarons, JJ., concur.