People v Burdeau (2018 NY Slip Op 08386)





People v Burdeau


2018 NY Slip Op 08386


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

110527

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL L. BURDEAU, Appellant.

Calendar Date: October 26, 2018

Before: Lynch, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


LaMarche Safranko Law PLLC, Clifton Park (Nicholas J. Evanovich of counsel), for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (James E. Martineau Jr. of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered May 22, 2017, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree.
Defendant was charged by felony complaint with burglary in the third degree. Defendant entered into a written plea agreement that permitted him to plead guilty to the reduced charge of attempted burglary in the third degree and that contained a recommendation that he be sentenced to a prison term of 1½ to 3 years. At the plea allocution, County Court repeatedly advised defendant that it was "not committing to any sentence," that there was "no guarantee" as to the sentence that would be imposed and that the resulting sentence of imprisonment "could be the maximum of [2] to [4] years." Defendant thereafter waived indictment and agreed to be prosecuted by a superior court information charging him with attempted burglary in the third degree, pleaded guilty to this crime in satisfaction of the pending charge and waived his right to appeal. After due consideration of the sentencing factors, including defendant's criminal history, County Court sentenced defendant to a prison term of 2 to 4 years. Defendant appeals.
We affirm. Contrary to defendant's contention, his appeal waiver was valid. Defendant concedes that County Court properly distinguished the right to appeal from the rights automatically forfeited by a guilty plea, and defendant communicated his understanding thereof (see People v Plass, 150 AD3d 1558, 1559 [2017], lv denied 29 NY3d 1094 [2017]). We reject his contention that he should not have been required to waive his right to appeal because he agreed to plead guilty without receiving consideration for his plea, as the record reflects that he agreed to plead guilty to a reduced charge (see id.). We also reject defendant's argument that there was any confusion regarding the sentence that could be imposed upon a plea of guilty; he was advised before he entered his guilty plea that County Court was reserving the discretion to impose the maximum sentence, notwithstanding the sentencing recommendation (see e.g. People v Mitchell, 144 AD3d 1327, 1327-1328 [2016]). In light of the valid appeal waiver, defendant's [*2]challenge to the severity of the sentence imposed is precluded (see People v Dutcher, 156 AD3d 1122, 1122 [2017]).
Lynch, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.