People v Peters (2025 NY Slip Op 03107)

People v Peters

2025 NY Slip Op 03107

Decided on May 22, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 22, 2025

CR-23-0270
[*1]The People of the State of New York, Respondent,
v
Joseph J. Peters Sr., Appellant.

Calendar Date:April 18, 2025

Before:Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ.

Jane M. Bloom, Monticello, for appellant.
Brian P. Conaty, District Attorney, Monticello (Danielle K. Blackaby of counsel), for respondent.

Appeal from a judgment of the County Court of Sullivan County (James Farrell, J.), rendered December 19, 2022, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.
In full satisfaction of an 11-count indictment and other pending charges, defendant was afforded the opportunity to plead guilty to criminal contempt in the first degree with the understanding that he would be placed on interim probation for one year. If successful, defendant would be permitted to withdraw his plea and plead guilty to a misdemeanor offense; if unsuccessful, defendant could be sentenced to a prison term of 1 to 3 years. Whether defendant successfully completed his interim probation was left to the discretion of County Court, and the plea agreement required defendant to waive his right to appeal. Defendant pleaded guilty to the subject crime and was placed on interim probation — subject to various terms and conditions, including that he "not linger in [the] easement" adjoining his neighbors' property and otherwise "pass through with no delay." Questions subsequently arose as to defendant's compliance and, following a hearing, County Court concluded that defendant had violated the terms of his interim probation — most notably by twice pausing in and urinating upon the easement abutting an adjoining property owner — and sentenced him to six months in jail, followed by five years of probation. This appeal ensued.
Contrary to defendant's assertion, we find that his waiver of the right to appeal is valid. County Court explained that the waiver of appeal was separate and distinct from the trial-related rights that defendant would be forfeiting by pleading guilty and expressly delineated certain of the appellate rights that would survive the waiver (see People v Patterson, 233 AD3d 1204, 1205 [3d Dept 2024]; People v Pepe, 229 AD3d 1007, 1007 [3d Dept 2024], lv denied 43 NY3d 946 [2025]). Defendant, in turn, indicated his understanding of the waiver (see People v Berry, 236 AD3d 1199, 1200 [3d Dept 2025]; People v Middlemiss, 236 AD3d 1198, 1199 [3d Dept 2025]). Additionally, defendant executed a detailed written waiver and, in response to County Court's inquiries, assured the court that he had reviewed the waiver with counsel and had no questions relative thereto (see People v Ford, 234 AD3d 1054, 1055 [3d Dept 2025]; People v Pepe, 229 AD3d at 1007-1008). Accordingly, we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal.
As to the severity of the sentenced imposed, inasmuch as defendant was advised of his maximum sentencing exposure in the event that his performance while on interim probation was unsuccessful, defendant's challenge in this regard is precluded by the valid appeal waiver (see People v Wiggins, 207 AD3d 947, 948 [3d Dept 2022]; People v Gilliam, 162 AD3d 1413, 1414 [3d Dept 2018], lv denied 32 NY3d 1064 [2018]; People v Peterkin, 156 AD3d 962, 963 [3d Dept 2017]). In [*2]any event, the People have advised this Court that, while this appeal was pending, defendant violated his probation and was resentenced to 45 days in jail — with the remaining portion of his probation terminated. As it appears that defendant has completed his sentence, his challenge to the severity thereof — if not otherwise precluded — would be moot (see People v Sanford, 171 AD3d 1405, 1407 [3d Dept 2019]; People v Baxter, 157 AD3d 1061, 1062 [3d Dept 2018], lv denied 31 NY3d 1011 [2018]). Accordingly, the judgment of conviction is affirmed.
Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed.